B. F. WILCOX, Appellant, v. W. A. GILMORE and J. O. FERGUSON.—
8 S. W. (2d) 961.

Division One, July 30, 1928.

*W. M. Bowker, Neale & Newman* and *Schmook & Sturgis* for appellant.

*Hamlin, Hamlin & Hamlin* and *L. Cunningham* for respondents.

ATWOOD, P. J.—This is an appeal from a judgment for defendants in an action for malicious prosecution growing out of a damage suit by Ruby J. Perkins against B. F. Wilcox, appellant herein, on account of the death of her husband, W. C. Perkins. Mrs. Perkins obtained a judgment below, which was reversed on appeal to this court, our opinion therein appearing in 294 Mo. 700.

The present action was commenced against W. A. Gilmore, J. O. Ferguson and other defendants. The abstract of the record filed here does not clearly indicate just who the other defendants were, but apparently Ruby J. Perkins, plaintiff in the damage suit, was not among them, and this action was finally prosecuted only against defendants Gilmore and Ferguson.

. The amended petition upon which plaintiff went to trial alleges that there was no probable cause for the prosecution of the action by Mrs. Perkins and that defendants herein "wrongfully, maliciously and without probable cause agreed and conspired together . . . for the purpose of procuring, inducing and persuading the said Ruby J. Perkins to bring the said action against this plaintiff, . . . and that the said defendants herein conspiring together . . . did procure, induce and persuade the said Ruby J. Perkins to bring said action, and did, wrongfully and without probable cause agree and conspire together . . . to encourage and assist her, the said Ruby J. Perkins, to continue the prosecution of said action; and so unlawfully and maliciously agreeing and conspiring together . . . did encourage and assist the said Ruby J. Perkins to bring and to continue the prosecution of said action by having and inducing the said J. M. Perkins to refuse to plead guilty to having resisted and assaulted an officer, in the difficulty which the said Ruby J. Perkins claimed in her suit was the cause of the death of her said husband, W. C. Perkins, and did aid and assist the said J. M. Perkins in his defense thereto, to the end that it might be made to appear that the said B. F. Wilcox was the aggressor and was to blame in the said difficulty; by consulting with and urging the said Ruby J. Perkins to bring and prosecute said cause; by providing and collecting the money and agreeing to stand good therefor with which to defray the expenses of prosecuting said action; by furnishing free transportation to the said Ruby J. Perkins and to her witnesses to and from Springfield for consultation with her attorneys, and by themselves accompanying the said Ruby J. Perkins on said trips, and also by furnishing free transportation to the said Ruby J. Perkins and her witnesses in going back and forth attending the trial of the case; by circulating false and malicious statements relative to the trouble and relative to the part that the plaintiff, Wilcox, has taken therein; by having the said J. M. Perkins at the same time and place file a damage suit against this plaintiff in the sum of $25,000 for the purpose of creating and working up public sentiment against the plaintiff herein, and in favor of the prosecution of said action; by helping look up witnesses and testimony for the use of the said Ruby J. Perkins, and by themselves testifying in a way and by procuring other parties to testify in a way, highly colored and distorted, misrepresenting the facts in favor of the said Ruby J. Perkins in said

action and in favor of the prosecution of said suit, and by encouraging, aiding and assisting the said Ruby J. Perkins in the prosecution of said action in many other ways and by many other means." The amended petition also alleged that "at the time of filing of the said suit and during all the time of the prosecution thereof, the said defendants and each of them and said other parties well knew that there was no probable cause for said prosecution and . . . except for the wrongful and malicious persuasion, inducement, encouragement and assistance of the said defendants, the said Ruby J. Perkins would not have instituted the said action in the first place, nor have thereafter continued the prosecution of the same."

Defendants filed answer alleging that they were acquainted with Ruby J. Perkins and J. M. Perkins at and for a long time prior to the dates mentioned in plaintiff's petition and were also acquainted with W. C. Perkins for some time prior to his death; also alleging purported facts connected with the occupancy by W. C. Perkins of property owned by B. F. Wilcox, his illness, the shooting of J. M. Perkins, father of W. C. Perkins, by a constable brought on said premises by the said Wilcox, the removal of the said W. C. Perkins therefrom and his subsequent illness; and further alleging that defendants "had been, as they believed, reliably informed prior to the assault aforesaid, of the plaintiff's conduct towards the Perkins family and from their observation and information after the assault aforesaid, they believed that the constable and plaintiff were the aggressors and J. M. Perkins the innocent party, and in order that justice should prevail they assisted the said J. M. Perkins in making his defense to the charge aforesaid by signing his appearance bond and contributing to a fund raised by citizens of that community for the purpose of employing an attorney to defend the said Perkins. That the said J. M. Perkins was afterwards tried on said charge before a jury in this court and acquitted. That afterwards they were subpoenaed as witnesses to appear in the Circuit Court of Christian County and testify in the case of J. M. Perkins v. Plaintiff, wherein the said Perkins was asking damages from the plaintiff by reason of the assault aforesaid, and in obedience to said subpoena appeared in said court and testified truthfully to all questions propounded to them and after they had done so and the trial of the case was completed the jury returned a verdict in favor of the plaintiff and against the defendant, which amount the plaintiff paid together with the costs, and at the following term of said court they were again subpoenaed in said court on behalf of R. J. Perkins, wherein she was plaintiff and this plaintiff was defendant, wherein she was asking damages against this plaintiff, claiming that the conduct and act of this plaintiff and constable as aforesaid brought about and hastened the death of her husband, W. C. Perkins. De-

fendant Ferguson testified truthfully to any and all questions propounded him, but defendant Gilmore did not testify and took no part whatever in the trial of said case. Defendants say that in all their acts in all the cases aforesaid, they believed in the innocence of J. M. Perkins and acted only as law-abiding citizens.'' Further answering defendants denied each and every allegation in plaintiff's petition not admitted in their answer.

At the close of plaintiff's evidence defendants filed a demurrer to the evidence, which was sustained as to defendant Ferguson and overruled as to defendant Gilmore. At the close of the whole case defendant Gilmore again filed a demurrer to the evidence, which was again overruled, and the case being submitted to a jury a verdict was returned for both defendants, upon which judgment was duly entered, and this appeal was taken therefrom.

Appellant's first assignment of error is that the trial court erred in sustaining a demurrer to the evidence in favor of defendant Ferguson. Hence, we proceed at once to the question of the sufficiency of plaintiff's evidence.

An indispensable element of an action for malicious prosecution either of a criminal or a civil action is want of probable cause. [38 C. J. 398; Henderson v. Cape Trading Co., 289 S. W. (Mo. Sup.) l. c. 334; Wilkinson v. McGee, 265 Mo. l. c. 582; Stubbs v. Mulholland, 168 Mo. l. c. 74; Boogher v. Hough, 99 Mo. 183.] Until there is affirmative proof of want of probable cause the defendant is not called on for his defense. [Stubbs v. Mulholland, 168 Mo. l. c. 74.] Probable cause "consists of a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation.'' [Boeger v. Langenberg, 97 Mo. l. c. 396; Sharpe v. Johnston, 76 Mo. l. c. 670; Sparling v. Conway, 75 Mo. l. c. 512; Vansickle v. Brown, 68 Mo. l. c. 635.] With the necessary changes in points of detail, the same principles determine questions of probable cause in civil proceedings as in criminal. [38 C. J. 417.] The weight of authority is that a judgment or finding in favor of plaintiff in the original action is conclusive evidence of probable cause, or estops defendant therein from denying the existence of probable cause, in the absence of fraud or other improper means used in obtaining the judgment; and it has been held that the conclusiveness of the judgment on the question of probable cause is not affected by the fact that it is erroneous, or by the fact that it is reversed on appeal to a higher court, or set aside for irregularity. [38 C. J. 419.] In the Missouri decisions such prior judgment is generally spoken of as prima-facie evidence of probable cause which may be rebutted or overthrown by evidence that such judgment or commitment was obtained by false or fraudulent testimony, or other improper means, or that the prosecutor himself

did not believe the facts alleged in support of the prosecution. Wilkinson v. McGee, 265 Mo. l. c. 586; Boogher v. Hough, 99 Mo. l. c. 185, 186; Peck v. Chouteau, 91 Mo. l. c. 149; Sharpe v. Johnston, 76 Mo. l. c. 670; Firer v. Lowery, 59 Mo. App. l. c. 97.] The reason of this rule is apparent. If probable cause consists of a belief in the charge or facts alleged based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation, then proof of a judgment, whether based on the verdict of a jury or the finding of the trial judge, stands as undisputed evidence of the existence of probable cause, unless it be further shown that the judgment was procured by fraud, corruption, false testimony or other improper means, or that those responsible for the prosecution did not themselves believe the facts and circumstances alleged and brought forward to induce the judgment. Nor does such a judgment cease to be evidence of the existence of probable cause merely because it is subsequently reversed on appeal. While a contrary view was expressed by GRAVES, C. J., in a separate concurring opinion, concurred in only by WOODSON, J., in Hanser v. Bieber, 271 Mo. l. c. 344, such view is clearly beyond the holding of the majority opinion and not controlling. As a matter of fact, no opinion in the Bieber case received the full concurrence of a majority of the court.

As shown above, a large part of plaintiff's petition consisted of allegations as to the manner and means by which defendants were said to have induced Ruby J. Perkins to commence and prosecute her action for damages. The pleading relating to probable cause was scant—an allegation that there was no probable cause, that defendants knew there was no probable cause, and that in said former action for damages defendants testified in a way and procured others to testify in a way "highly colored and distorted, misrepresenting the facts in favor of the said Ruby J. Perkins in said action and in favor of the prosecution of said suit."

Coming to plaintiff's proof, evidence of want of probable cause is conspicuous by its absence from this record. The foregoing allegations as to want of probable cause were not supported by proof. Plaintiff made out a prima-facie case of probable cause by proving the judgment against him and in favor of plaintiff in the former action, but failed to offer any substantial evidence of want of probable cause. He put in evidence the pleadings, verdict and judgment in the action by Ruby J. Perkins against him for damages, also the mandate of this court showing that the judgment was reversed, on appeal, and now assigns error because the trial court refused to admit the opinion of this court on appeal of the former damage suit. The trial court did not err, because the result of this appeal did not destroy or change the evidentiary value of the judgment appealed

from on the question of probable cause. Appellant presents no other assignment of error as to exclusion of evidence in his brief. He also testified, and put other witnesses on the stand who testified, as to facts and circumstances that were in evidence in the Ruby J. Perkins suit. No evidence was introduced tending to show that the purported facts and circumstances submitted to the jury in support of the former case were fraudulent, corruptly procured, or based on perjured testimony, or that the judgment was otherwise improperly procured, or that defendants herein did not themselves believe such facts and circumstances. Appellant does not even now suggest that the testimony presented in this case as to the facts and circumstances brought forward in support of the former case is more favorable to him than in the former case. Indeed, in their written statement filed in this court, his counsel say that "the record in the present case is practically the same—the same witnesses testifying to substantially the same facts as in the record of the case.". Considerable testimony was introduced to show that defendants encouraged and aided Ruby J. Perkins in her damage suit, but even if all this be taken as true it was no evidence of want of probable cause. Unless there was want of probable cause defendants had a right to do these things. There is also evidence in the record before us, brought forth by plaintiff herein, that defendants were friendly to members of the Perkins family and unfriendly to Wilcox, that on numerous occasions they had expressed their unfriendly feeling for him, and had taken a personal interest in their differences even to the extent of indicating a willingness to lend financial assistance to the Perkins family in litigation between Wilcox and them, although there is no evidence that either of them helped finance the Ruby J. Perkins action for damages. But proof of ill-will or even malice, where want of probable cause is not shown, is insufficient to make a case for the jury on a charge of malicious prosecution. [Henderson v. Cape Trading Co., 289 S. W. (Mo. Sup.) l. c. 334; Wilkinson v. McGee, 265 Mo. l. c. 583; Sharpe v. Johnston, 59 Mo. l. c. 575.] There is no evidence of a single admission on the part of defendants that they or either of them did not believe the facts and circumstances alleged and introduced in support of the Ruby J. Perkins action for damages. If we accept the testimony of plaintiff's witnesses as true a natural inference arising therefrom is that defendants firmly believed and relied upon such facts and circumstances as true.

In short, plaintiff contented himself with showing the rendition of a judgment against him in the former action, its reversal on appeal, rehearsing the facts and circumstances that induced the judgment in the former case, showing the existence of ill-will on the part of defendants herein against him, and encouragement and assistance extended by defendants to members of the Perkins family in litiga-

tion growing out of differences between him and them, and now contends that he made a case of malicious prosecution for the jury as to both defendants. According to the weight of authority in this and other jurisdictions, as we have already indicated, plaintiff made prima-facie proof of probable cause and failed to rebut same with any proof of want of probable cause. On this state of the record the demurrer to the evidence interposed at the close of plaintiff's case should have been sustained as to both defendants. [Wilkinson v. McGee, 265 Mo. l. c. 585; Firer v. Lowery, 59 Mo. App. l. c. 97.]

On the view above taken of the case it becomes unnecessary to rule on appellant's other assignments of error, and the judgment is affirmed. All concur.