HENRY D. LAUGHLIN v. ST. LOUIS UNION TRUST COMPANY, Appellant.—50 S. W. (2d) 92.

Division One, May 27, 1932.*

*NOTE: Opinion filed at October Term, 1931, April 2, 1932; motion for rehearing filed; motion overruled at April Term, May 27, 1932.

524

*Jacob M. Lashly, A. E. L. Gardner* and *Holland, Lashly & Donnell* for appellant.

*Wurdeman, Stevens & Hoester* and *Rassieur, Long & Yawitz* for respondent.

526

FRANK, J.—Action by Henry D. Laughlin, plaintiff, against the St. Louis Union Trust Company to recover damages for alleged malicious prosecution of a civil suit aided by attachment. The jury returned a verdict for plaintiff for $7500 actual and $15,000 punitive damages. Defendant appealed.

The facts out of which this malicious prosecution suit arose are, in substance, as follows:

On May 17, 1917, the trust company brought suit in the Circuit Court of St. Louis, County, against Laughlin on a $5000 note with

attachment in aid. The ground for the attachment was the non-residence of Laughlin. At the direction of the trust company all of the real estate owned by Laughlin and located in St. Louis and St. Charles Counties was attached. On October 14, 1918, Laughlin filed answer to the suit. In December, 1919, the cause was tried and resulted in a verdict in favor of the trust company and against Laughlin in the sum of $8,403.45. Thereafter on motion of Laughlin the trial court set aside this verdict and granted a new trial because of the giving of erroneous instructions to the jury. The trust company appealed to the Supreme Court from the order granting a new trial. The Supreme Court affirmed the action of the trial court in granting a new trial, and remanded the cause on the ground that Instructions 4 and 5, given at the request of the trust company either ignored or wholly misconceived the legal effect of Laughlin's defense that he endorsed the note as an accommodation to the trust company. [St. Louis Union Trust Company v. Laughlin, 254 S. W. 844, 846.] After the cause was remanded, and on October 26, 1923, Laughlin filed a motion to dissolve the attachment. The trial court made an order to the effect that the attachment would be dissolved unless the trust company, within seven days filed an attachment bond in the sum of $14,520. The trust company failed to give bond and the attachment was dissolved on November 3, 1923. Thereafter the cause was again tried on the merits and on December 2, 1923, a verdict and judgment was rendered in favor of Laughlin. The trust company filed a motion for new trial which was overruled on February 2, 1925, and the judgment in favor of Laughlin and against the trust company became final.

The first contention of the trust company in the instant case is that the trial court erred in refusing to give its demurrer to the evidence.

■ It is settled law that a necessary element of a suit for malicious prosecution of either a civil or criminal action is want of probable cause for the prosecution of such civil or criminal action. [Wilcox v. Gilmore, 320 Mo. 980, 8 S. W. (2d) 961, 962, and cases cited.] Want of probable cause being an indispensable element of an action for malicious prosecution, the question raised by the demurrer to the evidence is whether or not there was any substantial evidence tending to show the trust company did not have probable cause for prosecuting the attachment suit. If so, the demurrer was properly overruled. If not, the demurrer should have been sustained.

In this connection the trust company contends that the judgment in its favor in the first trial of the attachment suit is conclusive evidence of probable cause for bringing such action although the judgment therein was set aside and a judgment rendered in favor

of Laughlin on a retrial of the case. The rule applicable to this contention is stated in 18 Ruling Case Law, page 39, section 22, thus:

''Recovery in the court of the first instance, though the judgment is subsequently set aside and the final trial results in favor of the party now plaintiff, has by some courts been held conclusive on the question of the presence of probable cause, but in others it is held that the judgment may be impeached by proof that it was obtained by fraud or perjury.''

The question was before this court in the recent case of Wilcox v. Gilmore, 320 Mo. 980, 8 S. W. (2d) 961. We there said:

''The weight of authority is that a judgment or finding in favor of plaintiff in the original action is conclusive evidence of probable cause, or estops defendant therein from denying the existence of probable cause, in the absence of fraud or other improper means used in obtaining the judgment, and it has been held that the conclusiveness of the judgment on the question of probable cause is not affected by the fact that it is erroneous, or by the fact that it is reversed on appeal to a higher court, or set aside for irregularity. [38 C. J. 419.] In the Missouri decisions, such prior judgment is generally spoken of as prima-facie evidence of probable cause, which may be rebutted or overthrown by evidence that such judgment or commitment was obtained by false or fraudulent testimony, or other improper means, or that the prosecutor himself did not believe the facts alleged in support of the prosecution. [Wilkinson v. McGee, 265 Mo. loc. cit. 586, 178 S. W. 471; Boogher v. Hough, 99 Mo. loc. cit. 185, 186, 12 S. W. 524; Peck v. Chouteau, 91 Mo. loc. cit. 149, 3 S. W. 577, 60 Am. Rep. 236; Sharpe v. Johnston, 76 Mo. loc. cit. 670; Firer v. Lowery, 59 Mo. App. loc. cit. 97.]

''The reason of this rule is apparent. If probable cause consists of a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation, then proof of a judgment, whether based on the verdict of a jury or the finding of the trial judge, stands as undisputed evidence of the existence of probable cause, unless it be further shown that the judgment was procured by fraud, corruption, false testimony, or other improper means, or that those responsible for the prosecution did not themselves believe the facts and circumstances alleged and brought forward to induce the judgment. Nor does such a judgment cease to be evidence to the existence of probable cause merely because it is subsequently reversed on appeal.''

While the authorities are not in full accord as to the conclusive effect of a judgment in favor of a plaintiff in the original action on the question of probable cause, the rule in Missouri is that such a

judgment is conclusive evidence of probable cause for bringing the action, in the absence of a showing that the judgment was procured by fraud, perjury or other unfair means, or that the parties responsible for the prosecution of the action did not believe the testimony which induced the judgment.

It is not disputed that Laughlin endorsed the $5000 note in question, on which one Kern was principal. Neither is it disputed that Laughlin was a nonresident of the State at the time the attachment suit was brought against him. The controverted question at the trial of the attachment suit was whether or not Laughlin was liable on the note. That question was determined in the first trial of the attachment suit by a verdict and judgment in favor of the trust company and against Laughlin for the full amount due on the note. This judgment although subsequently set aside because of the giving of erroneous instructions nevertheless remained conclusive evidence of probable cause for bringing the attachment suit, in the absence of a showing in the instant case that such judgment was procured by fraud, perjury or other unfair means, and the burden was on plaintiff to so show. [Authorities, supra.]

On examination of the record, we do not find any substantial evidence that the judgment rendered in favor of the trust company in the first trial of the cause was procured by fraud, corruption, perjury or other unfair means.

Respondent contends that this judgment was not conclusive on the question of probable cause, (1) because it was induced by erroneous instructions, and (2) because it was procured by false testimony.

Although the judgment rendered in favor of the trust company in the first trial of the cause was subsequently set aside because of the giving of erroneous instructions, it was nevertheless conclusive evidence of probable cause in the absence of a showing that it was procured by fraud, corruption, false testimony or other unfair means. The fact that an erroneous instruction was given did not tend to prove that the judgment was obtained by fraud or any other improper or unfair means. The reversal of a judgment because of error committed during the progress of the trial, does not destroy the conclusive effect of the judgment on the question of the presence of probable cause.

In support of the claim that the judgment was procured by false testimony, respondent contends that the judgment in his favor in the second trial, demonstrates that the jury believed his evidence and disbelieved that offered by the trust company. From this premise it is argued that the verdict in his favor in the second trial tends to show that the evidence of the trust company in the first trial was knowingly fraudulent and false. This is but another way of saying

that the judgment against the trust company in the second trial is evidence of want of probable cause. Such is not the law. "That plaintiff in the suit complained of was defeated will not sustain an action without additional evidence of malice and want of probable cause." ■ [26 Cyc. 47 and cases cited in note; Stewart v. Sonnenborn, 98 U. S. 187, 25 L. Ed. 116; Boeger v. Langenberg, 97 Mo 390, 397-8, 11 S. W. 223.] The correct rule is stated in 18 Ruling Case Law, 40, as follows:

"In civil actions also it is the general rule that the mere failure to recover does not evidence want of probable cause in bringing suit, since one may well have probable cause for bringing an action in which he is finally defeated. If failure to win were prima-facie evidence of want of probable cause, a plaintiff might be successful in a suit for malicious prosecution on the mere showing that his opponent had instituted an unsuccessful action against him, for malice may be inferred from the want of probable cause."

It is conceded that the judgment in the first trial was against respondent. As no substantial evidence was offered to overcome the conclusive effect of this judgment on the question of probable cause, no case was made for the jury.

The judgment is, therefore, reversed.

Since this opinion was written, it has been suggested to the court that respondent Henry D. Laughlin died after the argument and submission of said cause in this court. The judgment is therefore entered as of April 21, 1930, the day on which said cause was submitted. All concur.