**Mildred S. O'DONNELL, Plaintiff-Appellant,**

v.

**CHASE HOTEL, INC., a Corporation, Defendant-Respondent.**

No. 31814.

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1965.

Motion for Rehearing or to Transfer to Supreme Court Denied March 18, 1965.

Charles M. Shaw, Claude Hanks, Leonard L. Bornschein, Clayton, for plaintiff-appellant.

Morris A. Shenker, Frank B. Green, Jr., St. Louis, for defendant-respondent.

DOERNER, Commissioner.

By this action plaintiff sought to recover actual and punitive damages of $50,000 for the alleged malicious prosecution by defendant of a charge of peace disturbance. A verdict for plaintiff for $1500 was returned, upon which judgment was entered. Thereafter the court set aside the judgment and entered judgment for defendant in accordance with its motion for a directed verdict at the close of all the evidence, and, alternatively, overruled defendant's motion

for a new trial. Plaintiff brings this appeal.

On March 5, 1960 plaintiff, together with her husband, James Thomas O'Donnell, her son, Frank O'Donnell, and a Miss Rita Taylor, attended a private party held in the hotel operated by the defendant in the City of St. Louis. Upon their arrival about 9:00 P.M. they turned their automobile over to one of defendant's attendants to be parked. When they sought to leave around 12:30 P.M., they requested their car from the same attendant. After a search and some delay he informed them that he was unable to locate their car, and after a further period had elapsed, denied that he had parked it for them. An argument ensued, primarily between Frank O'Donnell, on the one hand, and John Nelson, defendant's desk clerk, and Harry Price, its security officer, on the other, which developed into a scuffle between Frank O'Donnell and Price. Plaintiff testified that in attempting to pull Frank away she was knocked to the floor in the melee. She stated that when she looked up she saw Price, who was also on the floor; that he had his gun in his hand and was pointing it at her, and was directing foul language at her. At the suggestion of the Metropolitan Police who arrived on the scene all of the members of plaintiff's party as well as Price, went to the district police station. Interrogated by her counsel, plaintiff testified:

"Q. What did the (Police) Captain say?

"A. Well, the Captain asked me if I wanted to charge Mr. Price, and I said yes, for pulling a gun; and then he asked Mr. Price if he wanted to cross-charge me or put a charge against me.

"Q. Now what did Mr. Price say?

"A. He said yes."

Plaintiff related that she was charged with disturbance of the peace and stood trial in the Municipal Court of St. Louis. She

was found guilty, fined $300, and appealed to the Court of Criminal Correction. After a trial in that court, she was acquitted. This suit followed.

■ Error is assigned on the action of the court in setting aside the judgment for plaintiff and entering a judgment for defendant in accordance with defendant's motion for a directed verdict presented at the close of all of the evidence. As grounds therefor the trial court stated that the plaintiff's conviction in the Police Court was prima facie evidence of probable cause for the instigation of the prosecution and that the burden was on plaintiff to show that such conviction had been obtained by fraud or perjured testimony; and that plaintiff failed to show that the conviction had been obtained by such means. Much of plaintiff's brief is devoted to an attack upon the view expressed in the court's order, but as was said under similar circumstances in Gruetzemacher v. Billings, Mo., 348 S.W.2d 952, 955:

" * * * we are not particularly concerned with the reasons assigned by the court for its order setting the verdict and judgment aside and entering judgment for defendants, because, if the judgment entered was for the proper parties, it will not be set aside on appeal even if the court gave a wrong or insufficient reason for entering it. Spiking School Dist. No. 71, DeKalb County v. Purported 'Enlarged School Dist. R–11, DeKalb County, Mo.', 362 Mo. 848, 245 S.W.2d 13, 17; Huttig v. Brennan, 328 Mo. 471, 41 S.W.2d 1054, 1062."

And see in accord City of St. Louis v. Evans, Mo., 337 S.W.2d 948, 954; Producers Produce Co. v. Industrial Commission of Missouri, 365 Mo. 996, 291 S.W.2d 166, 170.

■ The constitutive elements of an action for malicious prosecution are: (1) the commencement or prosecution of the original proceedings against the present plaintiff; (2) its legal causation by the present defendant; (3) its termination in favor of the present plaintiff; (4) the absence of probable cause for such proceedings; (5) the presence of malice therein; and (6) damage to plaintiff by reason thereof. Huffstutler v. Coates, Mo., 335 S.W.2d 70; Hughes v. Aetna Insurance Co., Mo., 261 S.W.2d 942; Coleman v. Ziegler, Mo., 248 S.W.2d 610. Regarding the fourth element, absence of probable cause, it is the general rule in Missouri that evidence that plaintiff was convicted in the original proceedings creates a presumption that there was probable cause for its instigation; and that plaintiff to prevail must overcome such presumption by proof that the conviction was obtained by false or fraudulent testimony, or other improper means, or that the defendant himself did not believe the facts alleged in support of the prosecution. This general rule applies even though the plaintiff shows that the conviction was subsequently reversed or set aside on appeal. Boogher v. Hough, 99 Mo. 183, 12 S.W. 524; Wilkerson v. McGhee, 265 Mo. 574, 178 S.W. 471; Wilcox v. Gilmore, 320 Mo. 980, 8 S.W.2d 961; Bonzo v. Kroger Grocery & Baking Co., 344 Mo. 127, 125 S.W.2d 75; Hughes v. Aetna Insurance Co., supra; La Chance v. National Pigments & Chemical Co., Mo. App., 104 S.W.2d 693. With the necessary changes in points of detail, the same principles determine the issue of probable cause when the original proceeding was a civil suit and a judgment was rendered against the present plaintiff at the first stage of the original proceeding. Wilcox v. Gilmore, supra; Laughlin v. St. Louis Union Trust Co., 330 Mo. 523, 50 S.W.2d 92; Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S.W.2d 861; McMahon v. May Dept. Stores Co., Mo., 374 S.W.2d 82. In this respect our rules are in accord with the great weight of authority. Wilcox v. Gilmore, supra; Restatement, Torts, Sec. 667, p. 421 and Sec. 675, Comment b., p. 447; 54 C.J.S. Malicious Prosecution §§ 24b and

37; 34 Amer.Jur., Malicious Prosecution, Secs. 55 and 57.

 The general rule has been extended to include not only convictions as prima facie evidence of the existence of probable cause, but also an indictment voted by a grand jury and a commitment by an examining magistrate. Wilkerson v. McGhee, supra; Higgins v. Knickmeyer-Fleer Rlty. & Invest. Co., 335 Mo. 1010, 74 S.W.2d 805; Huffstutler v. Coates, Mo., 335 S.W.2d 70. However, it appears that a conviction in a police court which is reversed on appeal, at least after a trial de novo, is not prima facie evidence of probable cause in a subsequent action for malicious prosecution. This exception to the general rule had its genesis in Hanser v. Bieber, 271 Mo. 326, 197 S.W. 68, and appears to have ripened to fruition in Randol v. Kline's Inc., 322 Mo. 746, 18 S.W.2d 500, which reached the court on a second appeal, 330 Mo. 343, 49 S.W.2d 112. In Hanser v. Bieber, supra, it was shown that the plaintiff had been arrested on complaint of defendants and charged with disturbance of the peace. He was tried, convicted and fined in the Police Court of the City of St. Louis and appealed to the Court of Criminal Correction, where he was found not guilty and discharged. Plaintiff thereafter sued the defendants, alleging false imprisonment in one count of his petition and malicious prosecution in the other. Cast on demurrer at the close of his evidence, plaintiff took a nonsuit and appealed when the trial court refused to set it aside. In what may be regarded as the controlling opinion, written by Judge Walker, it was conceded that according to the weight of authority elsewhere a judgment of conviction in a criminal case was conclusive evidence of probable cause in an action for malicious prosecution, although the conviction was reversed on appeal. But Judge Walker, after noting the distinguishing characteristics between a criminal prosecution and a proceeding for the violation of a municipal ordinance, said (197 S.W. 68, 72):

"In accord, however, with what we deem to be a right application of the cases reviewed, we conclude that a showing of probable cause conclusive in its nature was not made, under all of the facts in this case, by the defensive interposition of the judgment of former conviction. To hold otherwise would be to deny a right of redress to one who perhaps had been illegally arrested and unlawfully detained simply because in a hurried and perfunctory hearing before a police court following such arrest he had been convicted, although upon a trial de novo the judgment of conviction has been held for naught.

"This holding is not to be understood as precluding the showing of a former conviction as prima facie evidence of probable cause subject to rebuttal by proof of the reversal of the judgment of conviction in an appellate court after a full and fair hearing of all of the facts and any other relevant evidence, thus making the question of probable cause, as it should be where disputed, one of fact for the jury upon all of the evidence in the case. * * *"

Stating that he was not urging it as determinative of the case, but only expressing a personal opinion, the writer remarked (197 S.W. 68, 72):

"* * * A judgment upon reversal becomes not only nonexistent, but as though it has never been. This is true in regard to every relation sustained by a reversed judgment except in actions for malicious prosecution. Where, upon appeal, there is simply a review of the record in cases of this character, reason may exist for the propriety of the plea of probable cause, although based on a reversed judgment of conviction; but where, as here, there has been a full and fair hearing upon the merits in the appellate court, there exists no reason why the general rule should not be applied and the record or

judgment of conviction held to have no evidentiary force."

Judge Walker's opinion was concurred in, but only as to result, by Judges Blair and Williams. Chief Justice Graves concurred in a separate opinion, joined in by Judge Woodson, in which he held that (197 S.W. 68, 73):

"* * * The judgment of the police court was nullified and destroyed for all purposes by the judgment on appeal from such police judgment. Having been so destroyed, it was no evidence of probable cause."

In a vigorous dissenting opinion written by Judge Bond, joined in by Judge Faris, it was contended (197 S.W. 68, 77) "* * * that in reason and upon the great weight of recent authority, a conviction before a justice or inferior tribunal obtained without fraud or perjury, although reversed upon appeal, is *conclusive* evidence of probable cause, and defeats an action for malicious prosecution. * * *"

The principle voiced as a personal opinion by Judge Walker, and asserted by Chief Justice Graves, that a judgment upon reversal has no evidentiary value to show probable cause in a suit for malicious prosecution was expressly repudiated in the later case of Wilcox v. Gilmore, 320 Mo. 980, 8 S.W.2d 961, 963, where, after stating the general rule, it was said:

"The reason of this rule is apparent. If probable cause consists of a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation, then proof of a judgment, whether based on the verdict of a jury or the finding of the trial judge, stands as undisputed evidence of the existence of probable cause, unless it be further shown that the judgment was procured by fraud, corruption, false testimony, or other improper means, or that those responsible for the prosecution did not

themselves believe the facts and circumstances alleged and brought forward to induce the judgment. Nor does such a judgment cease to be evidence of the existence of probable cause merely because it is subsequently reversed on appeal. While a contrary view was expressed by Graves, C. J., in a separate concurring opinion, concurred in only by Woodson, J., in Hanser v. Bieber, 271 Mo. loc. cit. 344, 197 S.W. 68, such view is clearly beyond the holding of the majority opinion and not controlling. *As a matter of fact, no opinion in the Bieber Case received the full concurrence of a majority of the court."* (Emphasis ours.)

But in the first appeal in Randol v. Kline's Inc., 322 Mo. 746, 18 S.W.2d 500, decided subsequent to Wilcox, the Supreme Court adopted the view expressed by Judges Walker and Graves that a police court judgment, reversed on a trial de novo in an appeal to a higher court, is not such a judgment as invokes the general rule. There plaintiff was arrested, charged with theft and other violations, and convicted in the Police Court of Kansas City. She appealed to the Circuit Court, and upon a trial before a jury was found not guilty and discharged. The court held (18 S.W.2d 500, loc.cit. 505):

"* * * From a conviction in the police court an appeal lies and the cause is triable de novo in an appellate court before a judge and a jury. The judgment of conviction in the police court, if not attacked, is generally conclusive, but, where an appeal is taken, the trial de novo in the appellate court and an acquittal so acts upon the judgment of the police court that the acquittal of the accused renders the police court judgment merely a circumstance to be considered by the jury. The conclusion is based upon the hypothesis that a police court judgment cannot be conclusive unless it is a final judgment, and a judgment of conviction in the police court, nullified by a judgment of acquittal in

the appellate court, is not a judgment forestalling the establishment of want of probable cause. In an able discussion by Walker, J., in Hanser v. Bieber, 271 Mo. 326, 197 S.W. 68 as to the effect of a conviction in the police court and an acquittal on appeal, this court held that the defensive interposition of the judgment of former conviction is not conclusive showing of probable cause, but that the former conviction in the police court is admissible as prima facie evidence of probable cause, subject to rebuttal by proof of the reversal of the judgment of conviction in the appellate court, after a full and fair hearing of all the facts and any other relevant evidence, thus making the question of probable cause, as it should be where disputed, one of fact for the jury upon all the evidence in the case."

And further (18 S.W.2d 500, loc.cit. 507):

"The subsequent acquittal of plaintiff in the appellate court, on appeal from a conviction in the police court, rendered the question of probable cause a matter for the jury to decide, as we have determined. And, in connection with other circumstances in the case, plaintiff's acquittal in the appellate court was evidentiary of the want of probable cause. * * *"

In the second appeal in Randol v. Kline's Inc., 330 Mo. 343, 49 S.W.2d 112, the court reaffirmed the exception laid down in the first.

█ █ The contention of Judge Walker in Hanser v. Bieber, supra, that "* * * A judgment upon reversal becomes not only nonexistent, but as though it has never been * * *" would seem to be as applicable to all convictions or judgments reversed on appeal as to that of a conviction obtained in a police court. Nevertheless, as we have pointed out, the Supreme Court in the first appeal in Randol v. Kline's Inc., supra, has differentiated, on the issue of probable cause, between the evidentiary effect of a police court conviction reversed on appeal and that of a conviction or judgment rendered in any other court subsequently set aside or reversed on appeal. Plaintiff's only citation was to Hanser v. Bieber, supra. The holding in Randol v. Kline's Inc., supra, is the last decision of the Supreme Court on the evidentiary effect of a police court conviction which is reversed on appeal, and so far as our own research has disclosed has never been reversed or distinguished. As the last controlling case in point we are required to follow it. Mo.Const., Art. V, Sec. 2, V.A. M.S. We cannot, therefore, agree with the learned trial court as to the evidentiary effect of the evidence of plaintiff's conviction in the Police Court inasmuch as she was acquitted on appeal after a trial de novo.

█ But though the wrong reason for its action may have been assigned, it does not necessarily follow that the court erred in setting aside the verdict and judgment for plaintiff and entering judgment for defendant in accordance with defendant's motion for a directed verdict presented at the close of all the evidence. Gruetzemacher v. Billings, Mo., 348 S.W.2d 952; City of St. Louis v. Evans, Mo., 337 S.W.2d 948; Producers Produce Co. v. Industrial Commission of Missouri, 365 Mo. 996, 291 S.W.2d 166. An action for malicious prosecution is no favorite of the law, and the burden is on the plaintiff to strictly and clearly prove *all* of the necessary elements of his cause of action. Harper v. St. Joseph Lead Co., Mo., 233 S.W.2d 835; Higgins v. Knickmeyer-Fleer Rlty. & Inv. Co., 335 Mo. 1010, 74 S.W.2d 805. Among those elements, as has been stated, is that the defendant instigated the prosecution of the original proceeding against plaintiff. It is apparent from the most casual perusal of the record in this case that the plaintiff wholly failed to prove that element of her cause of action. All that plaintiff's evidence showed on that score was that after the Police Captain had inquired of her whether she desired to prosecute Price, and she had answered

that she did, a similar question was directed to Price, who replied that he wanted to cross-charge plaintiff. That evidence may have been sufficient to show causation in an action against Price, but plaintiff is suing defendant, not Price. Plaintiff attempted to predicate the defendant's liability, if any, upon Price's agency. An employer is liable for a malicious prosecution instigated by an employee if the employer previously authorized or subsequently ratified the employee's action, or if it was done within the scope of the employee's employment. Harper v. St. Joseph Lead Co., supra. But there is not a scintilla of evidence in the record that defendant directed or authorized Price to institute the prosecution against plaintiff, nor is there the merest shred of proof that defendant subsequently ratified Price's action. Indeed, plaintiff developed on her cross-examination of Price that "the Chase Hotel" had neither insisted on the prosecution of plaintiff nor even discussed it with him after it was instituted. Price was not the defendant's general agent, and the only evidence as to his duties was that he was employed to protect the defendant's property. As was said in Harper v. St. Joseph Lead Co., supra: "* * * We may not imply an authority upon a plant guard to procure the institution of a prosecution by a prosecuting attorney or a grand jury. Evidence is required to thus extend his authority, and it may not rest in judicial notice. * * *" And see Milton v. Missouri Pac. R. Co., 193 Mo. 46, 91 S.W. 949, 4 L. R.A.,N.S., 282; Alexander v. Emmke, Mo. App., 15 S.W.2d 868. In the light of plaintiff's own testimony of the circumstances under which Price instigated the prosecution against plaintiff, we are of the opinion that all that plaintiff's evidence showed is that Price's action in that regard was a purely personal one, undertaken solely by him in retaliation for the charge which plaintiff had lodged against him. It follows that the court did not err in setting aside the judgment for plaintiff and entering judgment in favor of defendant.

The judgment should therefore be affirmed, and the Commissioner so recommends.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Accordingly, judgment is affirmed.

RUDDY, P. J., ANDERSON, J., and FRANK CONNETT, Jr., Special Judge, concur.