Georgette SESTRICH, Plaintiff-Respondent,

v.

R. H. MACY & CO., INC., Defendant-Appellant.

No. 25964.

Missouri Court of Appeals, Kansas City District.

March 5, 1973.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1973.

Don B. Roberson, Kansas City, for defendant-appellant; Shughart, Thomson & Kilroy, Kansas City, of counsel.

Donald L. Mason and George G. Allen, Jr., Kansas City, for plaintiff-respondent; Sheridan, Sanders, Carr, White & Mason, Kansas City, of counsel.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and ROBERT RUSSELL, Special Judge.

WASSERSTROM, Judge.

Defendant R. H. Macy & Co., Inc., appeals from a judgment against it for malicious prosecution, under which plaintiff (respondent here) was awarded $10,000.00 actual damages and $7,000.00 punitive damages. Plaintiff's claim for malicious prosecution relates to charges of shoplifting made against her by defendant and the prosecution which followed under the Ordinances of Kansas City, Missouri.

The basic facts are as follows. On July 12, 1969, plaintiff was engaged in shopping at one of defendant's stores. She looked at baby clothes as a possible gift, but preferred to rummage through the merchandise herself and declined the offer of help from the sales clerk, Allison Zorn. This declination of help made Zorn suspicious and she called the protection officer Thomas Kogut to alert him. Kogut then came to the baby clothing area to keep plaintiff under surveillance. He testified, by deposition introduced at trial, that he saw plaintiff secrete a two-piece baby outfit in a Harzfeld box being carried by the plaintiff. Plaintiff's testimony was that she had taken the two-piece outfit and also a sleeper outfit from their regular place and had placed them among other merchandise so that they would be hard for any other shopper to find, the reason being that plaintiff thought she might want to come back to buy one of these items for her gift.

When plaintiff left the Macy baby department, Kogut walked over to Zorn, who told him that she was missing the two items mentioned. Kogut then proceeded to follow plaintiff out of the store and to the Sears store which plaintiff next entered. Kogut secured permission from the Sears security officers to stop plaintiff for questioning and Kogut, together with certain Sears employees, took her to a Sears security office for that purpose. Kogut challenged plaintiff with having Macy merchandise in the Harzfeld bag that she was carrying, which plaintiff denied. Kogut then demanded to be shown what was in the box. Plaintiff refused this permission and stated that Kogut could not see the contents unless she were placed under arrest.

Kogut answered that challenge by calling the police who did advise plaintiff that she was under arrest. Thereupon, plaintiff opened the Harzfeld box, took out the contents, and it was shown that she did not have any of the Macy merchandise which Kogut had said he saw plaintiff put therein. Nevertheless, plaintiff was taken to the police station, charged and booked.

The case was heard before the Municipal Court of Kansas City, Missouri, and plaintiff was found guilty. She appealed, and on trial de novo in the circuit court she was acquitted. This suit for malicious prosecution followed.

On this appeal, defendant urges the following points: (1) that a verdict should have been directed in its favor on the ground that probable cause was conclusively shown by the police court conviction; (2) that the verdict-directing instruction was erroneous; (3) that certain forms of employment application and questions in connection therewith were erroneously admitted into evidence; and (4) that plaintiff's counsel was guilty of prejudicial error in closing argument. Of these, point 2 cannot be considered because defendant has failed to set forth the questioned instruction in the argument portion of its brief, as required by Rule 84.04(e) V.A.M. R. This, however, is of little moment,

since the argument under defendant's points 1 and 2 are substantially the same and the substance of the entire argument will be considered in connection with point of error number 1.

I

■ In order to recover for malicious prosecution, plaintiff must prove that the prosecution against her was without probable cause by defendant to believe that she had been guilty of shoplifting. Ordinarily, if the person charged has been convicted by a court of the charge made, that conviction will serve to prove conclusively the existence of probable cause, even though the conviction be later reversed upon appeal. This is the rule which is relied upon by the defendant in the present case and upon which it asks for a reversal.

The trouble with this argument is that under existing Missouri law an exception is made to the rule stated, where the conviction was obtained in a police court. In these circumstances, the rule adopted by the Missouri Supreme Court is that the acquittal upon appeal overcomes the prima facie showing of probable cause arising from the police court conviction, and thereupon the issue of probable cause becomes one of fact for the jury upon all the evidence in the case. Hanser v. Bieber, 271 Mo. 326, 197 S.W. 68; Randol v. Kline's, Inc., 322 Mo. 746, 18 S.W.2d 500, and opinion on second appeal, 330 Mo. 343, 49 S.W.2d 112; O'Donnell v. Chase Hotel, Inc., Mo.App., 388 S.W.2d 489.

Defendant specifically acknowledges in its brief that the O'Donnell opinion is directly opposed to the argument which it now makes. Notwithstanding that opinion and the cases upon which it relies, defendant nevertheless contends for a different result here "on the particular facts of this case". However, it does not state just what those "particular facts" are.

What defendant is really arguing for is a reconsideration and reversal of the rule under discussion. This contention by defendant is entitled to sympathetic attention. The rationale of the Missouri rule has never been made quite clear, and it has had a checkered career. See for example the discussion of the Missouri rule in the annotation "Conclusiveness, as evidence of probable cause in malicious prosecution action, of conviction as affected by the fact that it was reversed or set aside", 86 A.L.R.2d 1090. The logic of the Missouri rule was challenged from the very outset by the forceful dissent of two judges in the Hanser case; and the ruling of that case was later disapproved or at least seriously questioned in Wilcox v. Gilmore, 320 Mo. 980, 8 S.W.2d 961, 1. c. 963, although later readopted by the two Randol decisions. Insofar as the Missouri rule is based upon the concept that the reversal on appeal wipes out the initial conviction as if it has never happened, the logical difficulties of so ruling in the case of a police court conviction but not in the case of a magistrate court conviction (both being reviewed on appeal de novo), was also remarked by the O'Donnell opinion. 388 S.W.2d 489, 1. c. 494. It must also be observed that the Missouri rule appears to be in opposition to the rule of Restatement, Torts, § 667, that section being a portion of the discussion designated as "An excellent exposition of the subject" in the committee's comment to M.A.I. 23.07.

The more appealing justification of the Missouri rule in question is the criticism of police courts by Judge Walker in his Hanser opinion, where he described proceedings in those courts as "hurried and perfunctory" and where he criticizes the procedures as not requiring arraignment or plea and lacking in any guarantee for trial by jury. To some considerable extent those criticisms have been eliminated by the adoption in 1960 of Rule 37 V.A.M.R., which now governs the practice and procedure of all cases in all municipal courts of this State. The criticisms in question have even less continuing validity in the municipal courts of Kansas City, due to the very

important and salutary changes which have come about by reason of Article XIII of the Kansas City Charter. Attention must also be given to fundamental changes in procedure occasioned by recent decisions of the United States Supreme Court, including the guarantee of jury trial in cases where the potential imprisonment may exceed six months (Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437) and the guarantee of right of counsel in any case where the defendant is sentenced to any imprisonment whatsoever (Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530).

■ On the other hand, the municipal judges themselves have pointed out certain continuing problems in a recent study "A Survey of Missouri's Municipal Courts" conducted by the Missouri Municipal and Magistrate Judges Association. Caution should be exercised before depriving a plaintiff of legal redress, when the original conviction (later reversed) may well have resulted from what may still be, in the words of the Supreme Court, unduly "hurried and perfunctory" hearings. In any event, any change in the basic rule or any modification so as to create a special exception covering solely the municipal courts of Kansas City is within the exclusive power of the Missouri Supreme Court. Unless and until the rule in question is changed by that Court, this Court is bound by the last decisions of the Supreme Court just as was the St. Louis Court of Appeals in its decisions of the O'Donnell case.

## II

During plaintiff's direct testimony, her counsel asked her whether, after her conviction in the police court, she had applied for work. In response, she answered that she had applied to two prospective employers and had been requested to fill out personnel application forms. She identified a blank form as being identical to the one which had been handed to her by Woolf Brothers, and another similar form as being identical to the one which she had filled out for Plaza Inn. On each form appeared a question whether the applicant had ever been arrested. Defendant objected to each of these exhibits on the ground that they constituted hearsay, that answers thereto by plaintiff were self-serving, and that the exhibits were immaterial.

■ Insofar as the objection is based on the ground of hearsay, the answer is that these exhibits were not offered for the purpose of proving anything stated therein, but rather to merely show that these questions had been asked. Since the exhibits were not offered to prove the truth of the contents, objection on the ground of hearsay will not lie. Mash v. Missouri Pac. Ry. Co., Mo., 341 S.W.2d 822, 827; In re Thomasson's Estate, 347 Mo. 748, 148 S.W.2d 757, 763; Baker & Theodore, Inc. v. Quinn, Mo.App., 400 S.W.2d 477, 480; and Wigmore on Evidence, 3rd Ed., § 1766, p. 177.

■ Insofar as defendant objects on the ground that plaintiff's answers were self-serving, the court did not permit plaintiff to go further than merely to testify that she had answered these questions in the affirmative. Defendant did not object during the trial to this simple answer. The only objection made by defendant was when plaintiff's counsel went further and asked whether she had been asked and had given any further explanation to the prospective employer. At this point defendant did object, and that objection was sustained. Thus, no proper objection is presented for review as to the evidence being self-serving.

■ Insofar as defendant's objection is based on the ground of the immateriality, the objection is not well taken since the evidence in question was offered to prove that these questions caused plaintiff to become emotionally upset. This subjective embarrassment and emotional upset is a proper subject for damages. McFarland v. Union Finance Co., Mo.App., 471 S.W.2d

497; Jones v. Phillips Petroleum Co., Mo. App., 186 S.W.2d 868 and 239 Mo.App. 331, 186 S.W.2d 879; Koch v. Segler, Mo. App., 331 S.W.2d 126; Foley v. Union House Furnishing Company, 228 Mo.App. 1063, 60 S.W.2d 725. In order to lay a proper foundation for plaintiff's testimony about this element of damage, the exhibits in question were necessary and proper. Schwane v. Kroger Co., Mo.App., 480 S. W.2d 113.

## III

Defendant's final contention is that plaintiff's counsel was permitted to make an improper closing argument. The objection is that counsel was permitted to argue over defendant's objection that the police court conviction had been obtained by false testimony.

█ The testimony toward which counsel's argument was directed was that of the security officer Kogut. He had testified on deposition that he personally had seen plaintiff secrete the two-piece baby outfit in the Harzfeld box which she was carrying. Yet when that box was finally opened and the contents examined at Kogut's insistence, it turned out that plaintiff did not have any such item in the box. Accordingly, it was not unwarranted for plaintiff's counsel to argue the inference that Kogut was guilty of a knowing untruth in saying that he had seen plaintiff put the baby garment inside the Harzfeld box. Indeed, with respect to that portion of the closing argument in which plaintiff's counsel so argued concerning Kogut's deposition testimony, defendant did not even object.

Defendant's first objection respecting this matter came when plaintiff's counsel extended his argument to reference to the police court conviction having been obtained by Kogut's false testimony. By making objection here but not to the ear-

lier testimony, defendant is forced to a very narrow distinction between the deposition testimony of Kogut introduced at the trial as against testimony by him before the municipal court. This distinction can probably be made as a matter of pure logic, since there is no express showing as to just what Kogut did testify before the police court, and furthermore it was unnecessary to and plaintiff did not plead that the police court conviction was the result of false testimony. That, however, does not suffice in order for defendant to show a ground for reversal. It must go further for this purpose and must show that an error occurred which substantially prejudiced its rights. Insofar as plaintiff's counsel went beyond the pleaded issues, he assumed an unnecessary burden, and of this defendant cannot complain. With respect to counsel's going beyond the precise evidence of record, it is not unreasonable to assume that Kogut's testimony before the police court was similar to that he gave in his deposition. However, in final analysis the ultimate question is whether the argument taken as a whole and in the context of the trial setting caused a degree of prejudice sufficient to constitute reversible error.

█ By overruling defendant's motion for new trial, the trial court has found that no substantial prejudice resulted from the argument in question. The trial court has a broad discretion in ruling on the propriety of jury arguments and whether prejudice has resulted. No clear abuse of that discretion appearing, the exercise of that discretion in denying a new trial in this case will not be disturbed. Norfolk & Western Ry. Co. v. Greening, Mo., 458 S. W.2d 268, l. c. 273; Handshy v. Nolte Petroleum Co., Mo., 421 S.W.2d 198; Thompson v. Bi-State Transit System, Inc., Mo.App., 458 S.W.2d 903; and S. G. Payne & Co. v. Nowak, Mo.App., 465 S.W.2d 17.

The judgment is affirmed.

All concur.