Harvey F. **EUGE**, Plaintiff-Appellant,

v.

**BANK OF ST. LOUIS**, Joseph A. Trotcha and Harold Rathman, Defendants-Respondents.

No. 38499.

Missouri Court of Appeals, St. Louis District, Division Two.

May 2, 1978.

Motion for Rehearing and/or Transfer Denied June 8, 1978.

Application to Transfer Denied July 24, 1978.

Harvey F. Euge, pro se.

Jim J. Shoemake, J. Richard McEachern, St. Louis, for defendants-respondents.

STEPHAN, Judge.

Motion of defendants for summary judgment was granted by the circuit court and plaintiff appeals. We affirm. The second amended petition, to which the motion was addressed, sought $100,000 actual and $300,000 punitive damages for malicious prosecution of the plaintiff in that the defendant Bank of St. Louis, the other two individual defendants (who were employees of the bank at the time in question), and other unidentified agents and employees of the bank brought about the indictment and conviction of plaintiff for obtaining money by means of a bogus check.[1] Although three "warrants" are referred to in the petition, it appears that we are concerned with only one charge of which plaintiff was convicted. That conviction was later reversed and the plaintiff discharged by the Supreme Court of Missouri. See *State v. Euge,* 400 S.W.2d 119 (Mo.1966).

The motion for summary judgment consists primarily of legal arguments to the effect that defendants were entitled to judgment as a matter of law because plaintiff was indicted, convicted, and the conviction overturned only after the Supreme Court observed that the facts would have permitted charges and convictions of two other crimes, albeit not the one charged in the indictment. Attached as exhibits to the motion were a copy of the second amended petition, a certified copy of the indictment and judgment of conviction, a copy of the original petition, and a copy of the officially reported opinion in *State v. Euge,* supra. Plaintiff did not respond.[2]

The facts upon which the prosecution in *State v. Euge* was based are set forth at 400 S.W.2d, page 121:[3]

1. The plaintiff's pleadings below as well as his brief and oral argument here are all *pro se* and imprecise. The argument portion of appellant's brief can be said to follow the "Points Relied On" only when accorded the broadest of interpretation. See Rule 84.04(a).

2. He now argues in his brief that he "was under no duty to respond," because the motion was "not verified and unsupported." Rule 74.04 does not require motions for summary judgment to be verified. Moreover, the motion was "supported" by his earlier pleading in the case which may be considered under Rule 74.04(c), by certified copies of the indictment and judgment of conviction which are self-admitting,

§ 490.130, RSMo 1969, and by a copy of the opinion of the Supreme Court from which plaintiff quoted in both his original and amended petitions.

3. These facts are not controverted by the plaintiff. Indeed, he argues in his brief that these facts establish that the defendants failed to fulfill their "duty to use and exercise ordinary care to make an investigation of its (the bank's) records . . . before paying out any money to appellant upon the presentation of his check . . . ." In his motion to set aside the judgment below, plaintiff states that the "evidence" in the criminal case is set out at 400 S.W.2d 121.

"On September 19, 1963, defendant *Harvey F. Euge* went to the Manchester Bank of St. Louis, deposited $40 cash in a checking account under the name *Dayton Mitchell Horn* and ordered checks printed. Mrs. Daisy Hayes, an employee of the Manchester Bank, identified defendant at the trial as the man who opened the *Horn* account. Defendant had an account at the Bank of St. Louis from December 31, 1959, until January 28, 1963, when it was closed by the bank. This account was in the name of *Harvey F. Euge.* On October 17 or 18, 1963 (there is a conflict in the evidence as to the correct date), defendant went to a teller's window at the Bank of St. Louis and re-opened his account in the name *Harvey F. Euge.* He deposited a check in the amount of $45 on the Manchester Bank of St. Louis, drawn to cash, signed by *Dayton Mitchell Horn,* and endorsed on the back by *Harvey Euge.* He received a deposit slip in return showing a $45 deposit in the *Harvey F. Euge* account. Immediately thereafter he wrote a check in the amount of $45 on the *Harvey F. Euge* account in the Bank of St. Louis, presented it to the teller at the Bank of St. Louis, and was given $45 cash. The Bank of St. Louis processed the *Horn* check and it was returned by the Manchester Bank, marked 'insufficient funds.' "

In reversing the conviction because the check was not "bogus" within the meaning of § 561.450, the Court said at page 123:

"We consider this case to represent an exception to the rule announced in *State v. Todd,* supra [372 S.W.2d 133], and cases cited therein, to the effect that a bogus check is one drawn on a non-existent bank, or by or payable to a fictitious person. Here, though the check was drawn by a fictitious person (defendant by use of the assumed name *Horn* ), the check was not a bogus check because there was a *Horn* account in the Manchester Bank and money in the account when the check was drawn on the account. The check was drawn by a fictitious person but on an existing account."

As best we can determine, plaintiff contends here that the motion for summary judgment should not have been granted because (1) the ultimate disposition of his criminal case establishes that there could have been no probable cause for his prosecution; (2) the indictment was improperly procured because "no witnesses appeared before the grand jury" and the information presented to the grand jury was known to the defendants to be false; and (3) the issue as to whether there was probable cause for his arrest and prosecution is necessarily a jury question.

█ In an action for malicious prosecution, absence of probable cause is a necessary element of the plaintiff's case. *Palermo v. Cottom,* 525 S.W.2d 758, 763 (Mo.App. 1975). Because of the negative nature of this element, only "slight proof" is needed to make a submissible case. *Hughes v. Aetna Ins. Co.,* 261 S.W.2d 942, 945 (Mo. 1953). As we perceive plaintiff's first point, it is that his discharge by the Supreme Court establishes that there could have been no probable cause for his prosecution. Such contention is directly contrary to the rule in Missouri that a circuit court conviction "creates a presumption that there was probable cause for its instigation; and that plaintiff to prevail must overcome such presumption by proof that the conviction was obtained by false or fraudulent testimony, or other improper means, or that the defendant himself did not believe the facts alleged in support of the prosecution. This general rule applies even though the plaintiff shows that the conviction was subsequently reversed or set aside on appeal." *O'Donnell v. Chase Hotel, Inc.,* 388 S.W.2d 489, 491 (Mo.App.1965). See also *Bonzo v. Kroger Grocery & Baking Co.,* 344 Mo. 127, 125 S.W.2d 75, 78 (1939).[4]

---

4. In at least one case, a court has gone so far as to say that ordinarily, in spite of a reversal on appeal, such a conviction "conclusively" establishes "the existence of probable cause, . ." *Sestrich v. R. H. Macy & Co., Inc.,* 493 S.W.2d 52, 55 (Mo.App.1973).

As indicated, plaintiff accepts the facts as set out above, contending that they do not constitute a violation of § 561.450 and, in that sense, were "false". Thus, we treat the second and third points together. In his brief, but not his petition, plaintiff states that his indictment was irregularly procured in that no witnesses appeared before the grand jury and that the information received by the grand jury was known by the defendants to be false. However, we believe that what the plaintiff is contending is that the grand jury was advised by someone that plaintiff's actions violated § 561.450 when, as we learn by subsequent decision of the Supreme Court, they did not. In short, plaintiff seems to be complaining about the *legal effect* rather than the accuracy of the facts leading up to his prosecution. Where the facts are not in dispute, the issue of whether probable cause exists is for the court, not the jury. *Dodson v. MFA Insurance Co.,* 509 S.W.2d 461, 467–468 (Mo. 1974); *Hoene v. Associated Dry Goods Corporation,* 487 S.W.2d 479, 483–484 (Mo. 1972); *Jones v. Phillips Petroleum Co.,* 186 S.W.2d 868, 875 (Mo.App.1945). In *Dodson,* supra, the court held, as a matter of law, that the person who reported to the prosecuting attorney the facts which gave rise to a criminal prosecution had "reasonable cause" for his action and therefore plaintiff's cause of action failed. Similarly, we hold that the facts leading up to plaintiff's prosecution in this case establish probable cause as a matter of law and that the trial court did not err in this regard in granting summary judgment for defendant.

In *State v. Euge,* the Court pointed out at 400 S.W.2d 122, that plaintiff's transacting of business under a fictitious name without registering it constituted a violation of § 417.200, a misdemeanor. The Court also observed, without ruling the point, that, "It is possible that defendant could have been charged under § 561.460 RSMo 1959, V.A.M.S., for drawing an insufficient funds check." Id. 123. It was only after the Court held that the particular facts of his case constituted "an exception" to the rule in bogus check cases that the conviction was reversed and the plaintiff was discharged. It is totally unrealistic to argue that defendants or anyone describing plaintiff's behavior to a grand jury or law enforcement officers could have foreseen such ultimate outcome. It is not the office of an action for malicious prosecution to discourage the reporting of criminal activity to appropriate authorities or to require a person to do so at peril of an indictment being thereafter improperly drawn. See *Bonzo v. Kroger Grocery & Baking Co.,* 344 Mo. 127, 125 S.W.2d 75, 79 (1939). Reversal of the conviction because of a narrow and novel construction of the statute relating to bogus checks did not eradicate the existence of probable cause unassailably established by other facts upon which plaintiff's pleadings herein were premised.

The trial court did not err in granting the motion for summary judgment.

Affirmed.

STEWART, P. J., and REINHARD, J., concur.