**652**

David J. RAY, Plaintiff–Appellant,

v.

Barbara S. DUNN, Robert E. Dunn,
and Winston V. Buford,
Defendants–Respondents.

No. 15384.

Missouri Court of Appeals,
Southern District,
Division Two.

July 19, 1988.

John L. Oliver, Jr., Cape Girardeau, for plaintiff-appellant.

No appearance for defendants-respondents.

FLANIGAN, Judge.

Plaintiff David J. Ray, M.D., brought this action against defendants Barbara S. Dunn, her husband Robert E. Dunn, and their attorney Winston V. Buford. The first amended petition was in three counts. Defendants filed a motion to dismiss on the ground that said petition failed to state a claim upon which relief can be granted. The trial court entered an order sustaining the motion. The order recited that leave to amend was offered plaintiff and plaintiff declined to amend. The order dismissed the petition with prejudice. Plaintiff appeals.

A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party. Rule 67.03.[1] Since the plaintiff did not file an amended pleading within the time allowed, the order was a final order of dismissal with prejudice. Rule 67.06.

On appeal Dr. Ray contends that the trial court erred in entering the order of dismissal because each of the three counts stated a claim upon which relief can be granted. More specifically, he claims that Count I states a claim for malicious prosecution, Count II states a claim for abuse of process, and Count III states a claim for "vexatious litigation" or "negligence" or "prima facie tort."

None of the respondents has filed a brief in this court. Nothing in the record apprises this court of what respondents may have claimed to be the specific deficiencies in the petition which support their assertion that it fails to state a claim upon which relief may be granted.

In addition to allegations concerning the residence of the parties, the petition pleaded certain "general allegations" which were incorporated in each of the three counts. The gist of the "general allega-

---

1. All references to rules are to Missouri Rules of   Court, V.A.M.R.

tions" is set forth in the following nine paragraphs.

1. Dr. Ray is a licensed urologist and practices his profession in Howell County. In July 1982 Dr. Ray treated defendant Barbara Dunn for certain urological problems, and she was hospitalized twice. The first hospitalization involved the performance by Dr. Ray of a cystoscopy operation and the final diagnosis was "neurogenic bladder." The second hospitalization was for musculoskeletal pain and Barbara was discharged from the hospital on July 20, 1982.

2. During the period "as aforesaid," defendant Robert Dunn had been separated from Barbara for over two years during which neither had supplied care, comfort, or support to the other and no sexual relationship existed between them.

3. In August 1982, while Barbara was undergoing review for a social security disability claim, Dr. Ray was asked his opinion as to her condition and he stated that she was not disabled within the meaning of the Social Security Act.

4. In April 1983 Barbara and Robert engaged defendant Buford as their attorney. Buford wrote a letter to Dr. Ray threatening him with a malpractice action if he did not pay money to the defendants, although no such money was owed.

5. In July 1983 Barbara, through attorney Buford, filed, in the Circuit Court of Howell County, a civil action against Dr. Ray, seeking damages for alleged negligent malpractice occurring during his treatment of Barbara in July 1982. In August 1983 the petition in the action was amended to include a claim by Robert for loss of consortium. Barbara, Robert, and Buford knew at that time "that there was no claim for loss of consortium by reason of the separation of the parties, the lack of any sexual relationship whatsoever, and the nonexistence of even a colorable claim by [Robert]."

6. Prior to filing the malpractice action and the amended petition, Buford made no reasonable or prudent investigation of the facts surrounding Dr. Ray's treatment of Barbara or of the relationship between Barbara and Robert, and none of the defendants had sought to consult or consulted an expert witness. In interrogatory answers filed in the malpractice action Barbara, Robert, and Buford listed as expert witnesses only two physicians, each of whom later testified by deposition that Dr. Ray was not negligent in his treatment of Barbara. These expert witnesses had not been consulted by Barbara, Robert, or Buford.

7. In April 1984, in the malpractice action, Barbara and Robert, through Buford, filed an amended petition stating a theory of recovery "exactly contrary to the facts" stated in the original petition in the malpractice action, and each of them knew that there was no factual foundation for the claim set forth in said amended petition.

8. In August 1984 judgment was entered in the malpractice action in favor of Dr. Ray and against Barbara and Robert, no appeal was taken, and the judgment became final.

9. The malpractice action caused adverse radio and newspaper publicity concerning Dr. Ray, damaged his practice, and caused him to incur legal expenses in defending the action.

Count I of Dr. Ray's petition in the instant proceeding, in addition to the "general allegations," alleged: The malpractice action was wrongfully filed by defendants, with a total lack of probable cause "as found by the circuit court in its judgment of 1984." The institution of the malpractice action was actuated by the malice of Barbara, Robert, and Buford. The continuation of the malpractice action after the depositions of the expert witnesses in November 1983 was improper, without probable cause, and activated by malice in an attempt "to pursue an improper purpose, to-wit, to compel the payment of money by Dr. Ray, when defendants knew that continued proceeding could not possibly result in a verdict for Barbara or Robert." Buford filed the malpractice action knowing that its sole purpose was to harass Dr. Ray or maliciously injure his professional reputation and the malpractice action was "han-

dled and maintained" without adequate preparation.

The prayer of Count I requested $1 in actual damages, the recovery of expenses incurred by Dr. Ray in defense of the malpractice action, $1 for damages to Dr. Ray's professional reputation, and $1,000,-000 in exemplary damages.

A pleading that sets forth a claim for relief shall contain "(1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled." Rule 55.05.

■■■ Where a petition is attacked by a motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. The facts alleged, however, are taken to be true and the pleader is entitled to all favorable inferences fairly deducible therefrom. If such facts and such inferences, viewed most favorably from plaintiff's standpoint, show any ground for relief, the petition should not be dismissed. A petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Maples v. Porath,* 638 S.W.2d 337, 338 (Mo.App.1982); *Amer-*

*ican Drilling v. City of Springfield,* 614 S.W.2d 266, 271[2–4] (Mo.App.1981) (Citing authorities).

■■■ Plaintiff asserts that Count I states a claim for malicious prosecution.

"The elements of an action for malicious prosecution are (1) the commencement or prosecution of the proceedings against the present plaintiff; (2) its legal causation or instigation by the present defendant; (3) its termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage by reason thereof."

*Stafford v. Muster,* 582 S.W.2d 670, 675[1] (Mo. banc 1979).

Elements (1) and (2) are adequately pleaded by paragraphs 4 and 5 of the "general allegations."

Element (3) is adequately pleaded by paragraph 8 of the "general allegations."

With regard to element (4),[2] in *Ripley v. Bank of Skidmore,* 355 Mo. 897, 198 S.W. 2d 861, 865 (1947), a malicious prosecution action, the court said: "[O]rdinarily the allegation of want of probable cause as an ultimate fact is sufficient."

---

**2.** In *Haswell v. Liberty Mut. Ins. Co.,* 557 S.W.2d 628, 633 (Mo. banc 1977), the court, in discussing the absence of probable cause as an element of an action for malicious prosecution based on the initiation of a civil action, said:

> "[P]robable cause for initiating a civil action consists of a belief in the facts alleged, based on sufficient circumstances to reasonably induce such belief by a person of ordinary prudence in the same situation, plus a reasonable belief by such person that under such facts the claim may be valid under the applicable law."

This approach is followed by MAI 23.07 [1980 Revision], which is the verdict directing instruction for a plaintiff in a malicious prosecution action. That instruction requires a finding, among other things, that the defendant instigated the underlying judicial proceedings "without reasonable grounds."

MAI 16.06 [1980 New] contains the definition of "reasonable grounds" as the phrase is used in MAI 23.07. MAI 16.06 reads: "The phrase 'reasonable grounds' as used in this [these] instruction[s] means that under the circumstances an ordinarily careful and prudent person after *having made a reasonable inquiry* would have be-

lieved the facts alleged and that the judicial proceeding was valid." (Emphasis added.)

Respondents' motion to dismiss made no mention of the fact that in the underlying action Barbara and Robert were the plaintiffs and Buford was their attorney, nor did it attempt to make any distinction between their respective liabilities. Missouri cases have held that the attorney was not liable for malicious prosecution unless he had "complete knowledge," *Peck v. Chouteau,* 91 Mo. 138, 3 S.W. 577, 581 (Mo. 1887), or "actual knowledge," *Henderson v. Cape Trading Co.,* 316 Mo. 384, 289 S.W. 332, 336 (1926), that the underlying action was groundless. However, it has been held that the definition of probable cause as set forth in *Haswell* applies to any defendant in an action for malicious prosecution, including an attorney-defendant. *McAninch v. Traders Nat. Bank of Kansas City,* 779 F.2d 466 (8th Cir.1985); *Zahorsky v. Griffin, Dysart, Taylor, Penner,* 690 S.W.2d 144 (Mo.App.1985).

In *Zahorsky* the court pointed out, however, that possibly *evidence* which would be sufficient to show a want of probable cause for the client would not show the same thing as to an attorney.

This court holds that element (4) is adequately, even more than adequately, pleaded by the combination of paragraphs 2, 5, 6, and 7 of the "general allegations," coupled with the allegation that the malpractice action was wrongfully filed by the defendants, with a total lack of probable cause, "as found by the circuit court in its judgment of 1984," and the allegation that the continuation of the malpractice action after the depositions of the expert witness in 1983 was improper and without probable cause.

With regard to element (5),[3] in *Stafford v. Muster*, supra, at 676, the court held that malice was adequately pleaded by the statement: "All of the proceedings against plaintiff hereinabove set forth were procured by defendants maliciously." The court cited Rule 55.15 which provides, in pertinent part: "Malice ... and any other condition of mind of a person may be averred generally." In *Ripley v. Bank of Skidmore*, supra, the court said, 198 S.W. 2d at 865: "Malice is a fact to be pleaded as such; it would be bad pleading to set forth the evidence to establish it."

This court holds that element (5) was at least adequately pleaded by the allegations of Count I which were additional to the "general allegations."

Element (6) is adequately pleaded by paragraph 9 of the "general allegations."

It follows that Count I states a claim for malicious prosecution against each of the respondents and that the trial court erred in entering its order of dismissal.

Dr. Ray also challenges the trial court's order of dismissal on the ground that Count II and Count III each state a claim upon which relief can be granted. It is unnecessary for this court, in disposing of this appeal, to rule on the adequacy of Count II or Count III, and it refrains from doing so. The adequacy of Count I is a sufficient reason for the setting aside of the order of dismissal.

Count II and Count III appear to be, although this court refrains from so holding, merely attempts to state alternate theories of the same claim. See *Weir v. Brune*, 364 Mo. 415, 262 S.W.2d 597, 599[6] (1953). If this court on this appeal were to determine the adequacy of Count II or Count III and find either of them to be adequate, that would merely be an additional reason for setting aside the order of dismissal.

"Appellate courts should be reluctant to construe the law on the basis of the suppositions of the pleadings alone.... An appellate court 'is neither a law school nor a debating society,' and must avoid the theoretical statements of law upon a statement of facts which might never be developed."

*Engleman v. City of Dearborn*, 544 S.W. 2d 265, 268 (Mo.App.1976).

Respondents filed no brief in this court. If this court were to determine the adequacy of Count II or Count III, and to hold that either of them was inadequate, it would be lending aid to the respondents who do not seek to aid themselves.

The judgment is reversed and the cause remanded.

PREWITT, P.J., and MAUS, J., concur.

HOGAN, J., disqualified.

---

**3.** In *Proctor v. Stevens Employment Services, Inc.,* 712 S.W.2d 684 (Mo. banc 1986), the court defined and discussed the three degrees of malice: "actual malice," "legal malice," and "malice in law." The court held that "malice in law" is the degree required in a "civil malicious prosecution action," that is, one in which the underlying action was a civil action. Malice in law is defined in MAI 16.01 and is "a wrongful act done intentionally without just cause or excuse."

Although malice in law is sufficient to satisfy the element of malice necessary to a finding of *liability* in a civil malicious prosecution action, the court in *Proctor* held that "legal malice" was required to support a *punitive damages* award. Legal malice is malice "which embraces any improper motive."