**Carol J. SMITH, Appellant,**

v.

**MISSOURI LOCAL GOVERNMENT EMPLOYEES RETIREMENT SYSTEM, Respondent.**

**No. WD 67099.**

Missouri Court of Appeals, Western District.

Oct. 9, 2007.

Robert S. Reid, Esq., Fredericktown, MO, for appellant.

Sherry L. Doctorian, Esq., Jefferson City, MO, for respondent.

Before LOWENSTEIN, P.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Carol Smith appeals from the dismissal of her Motion to Compel Compliance with Income Withholding. The motion sought to withhold current and delinquent maintenance payments from her ex-husband's pension fund with the Missouri Local Government Employees Retirement System (MOLAGERS). Because Section 70.695, RSMO 2000,[1] prohibits the garnishment or

---

**1.** All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

attachment of the state-regulated pension fund, we affirm the dismissal of the motion for failure to state a claim.

## FACTUAL AND PROCEDURAL HISTORY

The marriage of Carol Smith and Robert Smith was dissolved by judgment dated April 9, 1996. The judgment approved the parties' dissolution settlement, in which they agreed that Mrs. Smith would receive non-modifiable maintenance in the amount of $400 monthly and relinquish any marital interest in Mr. Smith's MOLAGERS pension.

In June 2005, Mr. Smith stopped paying the maintenance. On August 24, 2005, Mrs. Smith filed an application for income withholding of the maintenance from Mr. Smith's MOLAGERS pension, which the circuit court granted. MOLAGERS refused to comply with the notice of withholding, citing the statutory pension fund garnishment prohibition in Section 70.695. Mrs. Smith subsequently filed a Motion to Compel Compliance with the Income Withholding, and the court entered a show cause order. MOLAGERS filed a motion to dismiss, again arguing that it was statutorily exempt from the withholding. After a hearing, the court granted MOLAGERS' motion and dismissed the case for failure to state a claim on which relief could be granted. Mrs. Smith appeals.

## STANDARD OF REVIEW

In reviewing a dismissal for failure to state a claim, we conduct a *de novo* examination of whether the petition invokes principles of substantive law. *Solberg v. Graven*, 174 S.W.3d 695, 699 (Mo. App.2005). We review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or a cause that might be adopted in that case." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). No attempt is made to weigh the factual allegations as to whether they are credible or persuasive. *Id.* "The ruling on a motion to dismiss is ordinarily confined to the face of the petition, which must be given a liberal construction." *Matt v. Burrell, Inc.*, 892 S.W.2d 796, 798 (Mo.App.1995).

## ANALYSIS

In her sole point on appeal, Mrs. Smith contends the circuit court erred in dismissing her Motion to Compel Compliance with Income Withholding because she properly stated a claim for relief under the dissolution statutes in Chapter 452. Section 452.350.1 permits a court to order income withholding if an obligor "becomes delinquent in maintenance or child support payments in an amount equal to one month's total support obligation." Section 452.350.7 provides that an employer or payor who fails to comply with an income withholding notice may be held in contempt. Mrs. Smith further relies on Section 452.140, which provides that "[n]o property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance." Based on the "policy of protecting families" expressed in these provisions, Mrs. Smith asserts she was entitled to proceed on her contempt motion against MOLAGERS for failure to comply with the withholding notice.

MOLAGERS moved to dismiss the contempt motion based on the pension fund's statutory exemption from garnishments. Section 70.695 states in relevant part:

> The right of a person to an allowance, to the return of accumulated contributions, the allowance itself, any allowance option, and any other right accrued or accruing under the provisions of [the MOLAGERS statute] and all moneys belonging to the system shall not be

subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or to any other process of law whatsoever, and shall be unassignable . . . except that:

(1) Any political subdivision shall have the right of setoff for any claim arising from embezzlement by or fraud of a member, retirant, or beneficiary; and

(2) Such rights shall not be exempt from attachment or execution in a proceeding instituted for the support and maintenance of children.

Pursuant to this provision, MOLAGERS argues that it is not subject to income withholding for spousal maintenance. Section 70.695 expressly provides that benefits paid to MOLAGERS members cannot be levied upon to satisfy other judgments, except in the case of child support obligations. Because Mrs. Smith's income withholding claim relates only to spousal maintenance and not child support, it does not fall within the narrow exception provided. Thus, MOLAGERS contends the contempt motion failed to state a viable claim for relief because Section 70.695 precludes the state-regulated pension fund from complying with the income withholding notice.

■ The arguments on appeal suggest a conflict between Section 452.140, which declares that no assets are exempt from execution for spousal maintenance, and Section 70.695, which shields the MOLAGERS fund from any execution other than for child support. "When interpreting statutes, we must ascertain the legislature's intent from the language used, giving words and phrases their ordinary and plain meaning." *PDQ Tower Services, Inc. v. Adams*, 213 S.W.3d 697, 698 (Mo. App.2007). "If two statutes appear to conflict, we attempt to reconcile the language to give effect to both." *Maxwell v. Da-*

*viess County*, 190 S.W.3d 606, 611 (Mo. App.2006). If the conflict is irreconcilable, "the general statute must yield to the statute that is more specific." *City of Clinton v. Terra Foundation, Inc.*, 139 S.W.3d 186, 189 (Mo.App.2004).

Mrs. Smith argues that the anti-execution language in Section 70.695 is "overruled and trumped" by the requirement in Section 452.140 that "[n]o property shall be exempt from attachment or execution" on a claim for maintenance. In this regard, we note that several cases have relied on Section 452.140 in allowing the garnishment of pension funds for maintenance payments, despite the existence of an anti-execution statute. *Pugh v. St. Louis Police Relief Ass'n*, 237 Mo.App. 922, 179 S.W.2d 927 (1944) (police retirement fund); *Hopkins v. Hopkins*, 626 S.W.2d 389 (Mo.App.1978) (social security and union pension benefits); *Geiwitz v. Geiwitz*, 473 S.W.2d 781 (Mo.App.1971) (railroad retirement benefits); and *Rusk v. Rusk*, 859 S.W.2d 751 (Mo.App.1993) (public school retirement system benefits). Beginning with *Pugh*, these cases have recognized that the general purpose of the anti-execution statutes is to safeguard the pension for the benefit of the employee's family and against "outside creditors." 179 S.W.2d at 935. *Pugh* explained:

> We do not believe the Legislature, in creating the police pension fund and exempting it from execution and other processes, ever intended that this exemption should be construed to deprive the wife of her legal and moral right to the support of her husband. The whole purpose of the statute is served when the fund is preserved for the use of the pensioner and those legally dependent upon him for support and maintenance.

179 S.W.2d at 935 (quoting *Zwingmann v. Zwingmann*, 150 A.D. 358, 134 N.Y.S. 1077, 1078 (N.Y.App.1912)).

■ The child support exemption in Section 70.659 renders the MOLAGERS statute significantly different from the typical anti-execution provisions at issue in *Pugh* and its progeny. By adding this exemption in 1992, the legislature made a policy statement that a MOLAGERS pensioner has a limited obligation to use pension funds for the support of his or her *dependent children.* The amendment distinguished the MOLAGERS statute from other anti-execution provisions because it accounted for the State's "long-settled policy of protecting the family." *Pugh,* 179 S.W.2d at 935. It is obvious that the legislature could have included spousal maintenance in this recent amendment of Section 70.695, but it chose not to extend the pensioner's family support obligation to an ex-spouse.

■ When statutory exceptions are plainly expressed, courts cannot add to the exceptions or exclusions beyond those explicitly provided. *State v. Reproductive Health Services,* 97 S.W.3d 54, 61 (Mo. App.2002). The applicable rule of statutory construction is that "the express mention of one thing implies the exclusion of another." *Wolff Shoe Co. v. Dir. of Rev.,* 762 S.W.2d 29, 32 (Mo. banc 1988) (citations omitted). Thus, we must conclude that the inclusion of the narrow exemption for child support in Section 70.695 necessarily indicates the legislature's intent to exclude a broader exemption for spousal maintenance.

Although Section 452.140 provides that *no* property shall be exempt from execution for maintenance, the anti-execution provision in Section 70.695 more specifical-

ly addresses the property at issue in this case, the MOLAGERS pension fund. The two statutes cannot be harmonized, so the more specific provision must take precedence over the general. In light of the fact that Section 452.140 was enacted in 1939, we must presume the legislature was aware of this far-reaching provision for maintenance execution when it later passed the MOLAGERS anti-execution statute in 1967. "As a general rule, a 'chronologically later statute, which functions in a particular way will prevail over an earlier statute of a more general nature, and the latter statute will be regarded as an exception to or qualification of the earlier general statute.'" *Moats v. Pulaski County Sewer Dist. No. I,* 23 S.W.3d 868, 872 (Mo.App.2000) (citations omitted). Accordingly, the more recent and specific provision in Section 70.695, which shields the MOLAGERS fund from execution, qualifies as an exception to the broad declaration in Section 452.140.[2] The MOLAGERS statute prevails and precludes any execution or income withholding for spousal maintenance.

The circuit court properly applied Section 70.695 in determining that Mrs. Smith failed to state a claim for relief against MOLAGERS. We affirm the dismissal of the Motion to Compel Compliance with Income Withholding.

All concur.

---

2. Mrs. Smith argues that more recent amendments to Section 452.350, in 1994, 1997, and 1999, should take precedence over the anti-execution statute in Section 70.695, which was last amended in 1992. We note, however, that the amendments to Section 452.350 merely set forth the procedural remedies to accomplish the execution allowed by Section 352.140. None of the amendments address the availability of MOLAGERS funds for execution. Thus, the specificity of Section 70.695 would still control over the general language in Chapter 452.