

# Missouri Court of Appeals

## Southern District

### Division One

JOHN T. IMPEY,                          )
                                        )
     Appellant,                    )
                                        )
    vs.                               )    No. SD33648
                                        )
LARRY JOE HART,                         )    FILED: September 21, 2015
L. J. HART and COMPANY,                 )
MICHAEL A. CLITHERO,                    )
TIMOTHY JOHN McFARLIN,                  )
DEREK A. ANKROM,                        )
JASON SMITH, and                        )
HUSCH BLACKWELL,                        )
                                        )
     Respondents.                  )

### APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable David G. Warren, Judge

## **REVERSED AND REMANDED**

John Impey's amended petition, alleging malicious prosecution and abuse of process, was dismissed for failure to state a claim. He appeals. We reverse and remand for further proceedings.

## Background[1]

As a candidate for Houston's school board, Impey opposed a plan to finance a new high school through a bond issue set for vote at the same election. He sent various letters, including one published in the Springfield News-Leader, stating that bond underwriter Hart had improperly influenced the school district to pursue the project in order to promote Hart's self-interest. Hart sued Impey, seeking injunctive relief and damages for defamation and tortious interference with business expectancy.

Both Impey and the bond issue lost at the April 2009 election. Five weeks later after a hearing, the court entered a preliminary injunction of some sort against Impey.[2] The injunction continued more than two years until Hart voluntarily dismissed its case in September 2011.

Impey then sued Defendants, claiming their litigation and injunction against him amounted to malicious prosecution and an abuse of process. Defendants moved to dismiss for failure to state a claim. The court granted that motion, dismissed without prejudice, and gave Impey thirty days to replead. Impey timely filed an amended petition which, including exhibits, ran 197 pages ("petition"). Defendants

[1] We summarize freely without further attribution from *Hart v. Impey*, 382 S.W.3d 918 (Mo.App. 2012). We refer to the Hart respondents collectively as "Hart," the other respondents collectively as "Attorneys," and all respondents collectively as "Defendants." Rule references are to Missouri Court Rules (2014).

[2] We have not been provided the injunction order and cannot glean its content from anything in the record on appeal. We assume there was some injunction because all parties' briefs say so. "Where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we may consider it as though it appears in the record." *Thornbury v. Morris Oil Co.*, 846 S.W.2d 238, 239 n.2 (Mo.App. 1993). That is all the parties say, so that is all we "know."

renewed their motions, and after a hearing, the court dismissed Impey's case with prejudice for failure to state a claim. Impey claims this was error. We agree.

## Standard of Review

To determine whether Impey stated a claim, we proceed almost academically to determine if his petition's allegations meet the elements of a recognized cause of action. ***Smith v. Missouri Local Gov't Employees Ret. Sys.***, 235 S.W.3d 578, 580 (Mo.App. 2007). We ordinarily are confined to the face of the petition, which we construe liberally in Impey's favor without weighing the persuasiveness of factual allegations. ***Id***.

## Malicious Prosecution (Impey's Count I)

The elements of an action for malicious prosecution are (1) the commencement or prosecution of the proceedings against the present plaintiff; (2) its legal causation or instigation by the present defendant; (3) its termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage by reason thereof.

***Stafford v. Muster***, 582 S.W.2d 670, 675 (Mo. banc 1979). The fourth and fifth elements are at issue in this case; we address them separately.

### *Lack of Probable Cause*

Defendants mainly argue an estoppel[3] defense they have not yet formally pleaded. To quote Hart's brief (legal file cite omitted, emphasis ours):

Impey did not and cannot plead facts supporting the element of lack of probable cause *because the trial court, after a full hearing, found that good cause existed for the imposition of a preliminary injunction against Impey. The preliminary injunction is conclusive proof that the Hart Respondents had probable cause* to bring the Underlying Lawsuit; accordingly, as a matter of law, Impey cannot

---

[3] Expressly so termed in Hart's brief. Estoppel is an affirmative defense. Rule 55.08.

plead any ultimate facts necessary to support his claim for malicious prosecution.

The Attorneys argue similarly.

Pretrial dismissal on an affirmative defense lies only by summary judgment, subject to a narrow exception when the defense appears from the face of the petition. ***Evans v. Empire District Electric Co***., 346 S.W.3d 313, 317 (Mo.App. 2011). Defendants urged this exception below with seeming success,[4] but we review *de novo*. **Smith**, 235 S.W.3d at 580. Without knowing what the prior injunction said, *see* note 2 *supra*, we cannot declare Impey's petition self-barred for mentioning it.

We likely would reach the same result even had Impey attached the injunction order to his petition and we could read it:

> [A]lthough an attached exhibit is deemed part of a litigant's pleading "for all purposes," this does not mean that a plaintiff admits all factual statements contained in such an exhibit when it is clear from the petition itself that he is vigorously disputing certain of those statements, and when, as in this case, he has attached the exhibit merely to provide a more detailed factual account of the alleged denial of legal rights.

***State ex rel. Hazelwood Yellow Ribbon Comm. v. Klos***, 35 S.W.3d 457, 466 (Mo.App. 2000). To allege the injunction as a fact, or even attach it to the petition, should not bar Impey's complaint that Defendants wrongfully had him enjoined.

---

[4] Quoting defense counsel at the motion hearing in the trial court: "You know, Your Honor, we could have just waited until a motion for summary judgment, but because he basically pled himself out of court, we believe that this is the time to stop this particular lawsuit."

The narrow exception does not apply. Defendants may (or may not) prevail on this defense later, but cannot do so at this early stage.  ***Evans***, 346 S.W.3d at 317.[5]

Defendants urge that even if we ignore their defense, the petition does not plead ultimate facts to support a finding of no probable cause. We disagree. Ordinarily in a malicious prosecution case, it is enough to allege lack of probable cause as an ultimate fact. ***Ripley v. Bank of Skidmore***, 198 S.W.2d 861, 865 (Mo. 1947); ***Ray v. Dunn***, 753 S.W.2d 652, 654-55 (Mo.App. 1988). Impey did so, then followed with 32 pages of alleged support. Lack of probable cause was sufficiently pled.

*Malice*

Finally as to Count I, Defendants claim Impey did not plead ultimate facts as to the element of malice. Yet in ***Stafford v. Muster***, 582 S.W.2d 670 (Mo. banc 1979), also a malicious prosecution case:

> The fifth named element, malice, [was] adequately alleged by the statement, "All of the proceedings against plaintiff hereinabove set forth were procured by defendants maliciously, ..."  As Rule 55.15 provides, "Malice ... and any other condition of mind of a person may be averred generally."

*Id*. at 675-76; *see also* ***Ray***, 753 S.W.2d at 655. Impey met or exceeded this standard by alleging that Defendants "acted with malice in filing and continuing the lawsuit ...," followed by five subparagraphs of alleged support.

For all these reasons, Impey's petition, as we must view it, states a claim for malicious prosecution.  The trial court erred in dismissing Count I.

---

[5] Defendants' theory that Impey's petition fails to state a claim because of a different motion ruling in the prior case fails for the same reason.

**Abuse of Process (Impey's Count II)**

In brief, abuse of process is (1) an illegal, improper, perverted use of process, (2) done for an improper purpose, (3) resulting in damage. ***Jenkins v. Revolution Helicopter Corp.***, 925 S.W.2d 939, 945 (Mo.App. 1996). "The essence of a claim for abuse of process is the use of process for some collateral purpose." ***Id***.

Defendants principally claim Impey did not plead a collateral purpose when he alleged, *inter alia*, that Defendants purposed to silence him on the school bond issue in violation of his constitutional free speech rights. We find guidance in ***Diehl v. Fred Weber, Inc.***, 309 S.W.3d 309 (Mo.App. 2010), which reversed a summary judgment against a similar abuse of process claim.

Diehl, in opposing a project by trash hauler Weber, distributed flyers calling Weber a "trash terrorist." Weber gave counsel "marching orders" to use "whatever legal remedies possible" to stop dissemination of the flyer and use of the word "terrorist." Weber sued Diehl for defamation and sought to enjoin further flyer circulation, but in ***State ex rel. Diehl v. Kintz***, 162 S.W.3d 152 (Mo.App. 2005), Diehl won a writ of prohibition on the ground that Weber had not stated a defamation claim.

Diehl then sued Weber for, *inter alia*, abuse of process. Weber won summary judgment on that claim, but the Eastern District reversed, explaining that

> the record before us implies that the defamation lawsuit might have been an attempt *to compel Mr. Diehl to stop exercising his First Amendment right to publicly oppose the proposed trash transfer station, a collateral purpose*. Consequently, there are disputed issues of material fact regarding whether Weber filed its defamation lawsuit to protect its reputation from harm *or rather to quash*

6

> *distribution of the flyer and opposition to the trash transfer station*
> *....*

***Diehl***, 309 S.W.3d at 321 (our emphasis).

Given ***Diehl***, and our rejection of Defendants' injunction-based defense for reasons already stated, we cannot say Impey's petition fails to state an abuse of process claim. The trial court erred in dismissing Count II.

### Conclusion

We need not reach Impey's other arguments for reversal. We deny all motions taken with the case, reverse the judgment of dismissal, and remand for further proceedings.[6]

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – Concurs

WILLIAM W. FRANCIS, JR., J. – Concurs in separate concurring opinion

---

[6] That said, we acknowledge defense counsel's complaint that

> in the 40 years that I've been doing this, I've never seen anything like [this petition], where there are literally hundreds and hundreds of legal conclusions, legal cites, et cetera. And it puts us at a difficult decision, in that the rule also requires us to respond to that under Rule 55.07, admit or deny the specific -- the specific averments and specify so much if the averment is true and deny the rest.

This petition's text includes some 200 case citations and quotes, almost thumbing its nose at Rule 55.05's call for "a short and plain statement of the facts" showing a right to relief, but the remedy for this lies in Defendants' alternative motion to strike, not a dismissal for failure to state a claim.



# Missouri Court of Appeals

## Southern District

### Division One

JOHN T. IMPEY, )
                 )
               Appellant, )
                 )
     vs. ) No. SD33648
                 )
LARRY JOE HART, ) FILED: September 21, 2015
L.J. HART and COMPANY, )
MICHAEL A. CLITHERO, )
TIMOTHY JOHN McFARLIN, )
DEREK A. ANKROM, )
JASON SMITH, )
and HUSCH BLACKWELL, )
                 )
            Respondents. )

## CONCURRING OPINION

I concur. I write separately simply to underscore the principal opinion's observations regarding Appellant's petition. The petition is the antithesis of what is required by Rules 55.04 and 55.05.[1] The petition is not simple, concise, and direct per the requirements of Rule 55.04, and is not a short and plain statement of facts per the requirements of Rule 55.05. The petition contains long rambling expositions on the law mixed in with legal citations. It is understandable how the trial court and opposing counsel would be frustrated in attempting to sort appropriate pleading from the extraneous material.

WILLIAM W. FRANCIS, JR., J. – SEPARATE OPINION AUTHOR

---

[1] All rule references are to Missouri Court Rules (2015).