

# Missouri Court of Appeals
## Southern District
### Division Two

MARK PHILLIP HOBBS,          )
                                   )

     Plaintiff-Appellant,       )
                                   )

vs.                               )      No. SD34128
                                   )

CONSOLIDATED GRAIN & BARGE CO.,   )      Filed September 27, 2016
                                   )

     Defendant-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable Michael E. Gardner

AFFIRMED

Mark Phillip Hobbs appeals the trial court's judgment dismissing his petition against Consolidated Grain & Barge Co. ("Consolidated") for failure to state a claim upon which relief could be granted. Finding no error in that ruling, we affirm.

### Factual and Procedural Background

Hobbs filed a petition seeking damages against Consolidated for the malicious prosecution of an earlier lawsuit that Consolidated had brought against Hobbs. The petition alleges that in that underlying lawsuit "the trial court entered judgment in favor of Consolidated on its claims against Mark Hobbs for (a) an implied contract based on fraud or unjust

1

enrichment, and (b) fraudulent misrepresentations[.]"  Then, the petition alleges that the trial court's judgment in favor of Consolidated was reversed by this court "on all issues[.]"[1]

Consolidated moved to dismiss Hobbs's petition on the ground that it "fail[ed] to state a claim upon which relief can be granted because the ruling in favor of [Consolidated] at the trial court level in the original suit precludes a later malicious prosecution claim."  Specifically, it was Consolidated's position that "[o]ne of the essential elements in a malicious prosecution claim is that the plaintiff in the original suit . . . must have lacked probable cause for initiating the suit" and the trial court's judgment in favor of Consolidated "is conclusive evidence of probable cause," citing *Joseph H. Held & Assocs., Inc. v. Wolff*, 39 S.W.3d 59, 62–63 (Mo.App. 2001).

The trial court entered a judgment dismissing Hobbs's petition without prejudice[2] for failure to state a claim upon which relief could be granted, and Hobbs timely appeals.

## Standard of Review

[A] motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition.  A court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.  In so doing, a court takes a plaintiff's averments as true and liberally grants plaintiff all reasonable inferences.  It will not weigh the credibility or persuasiveness of facts alleged.

---

[1] In the underlying lawsuit, the trial court entered a judgment in favor of Consolidated on its claims against Hobbs for an implied contract based on fraud or unjust enrichment and fraudulent misrepresentation. *Consol. Grain & Barge Co. v. Hobbs*, 397 S.W.3d 467, 469–70 (Mo.App. 2013).  This court found that (1) Consolidated failed to prove that Consolidated conferred a benefit on Hobbs and therefore had not established unjust enrichment, *id.* at 476; (2) Consolidated failed to prove that it relied on the truth of an inventory provided by Hobbs and therefore had not established fraud under section 427.013, *id.* at 477; and (3) Consolidated failed to prove that it relied on any action of Hobbs that would support an action of common law fraud, *id.* at 478.  Therefore, this court reversed the trial court's judgment on all three claims. *Id.*

[2] Although "[t]he general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable[,]"*Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997), there are exceptions to this "general rule" for instances where, as here, "the party elects not to plead further[.]" *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991).  The judgment is final because Hobbs's decision to stand on his petition as originally filed and to appeal, rather than bring another action, estops Hobbs from bringing another action in the future for the same cause. *Hasemeier v. Smith*, 361 S.W.2d 697, 699 (Mo. banc 1962); *see also Naylor Senior Citizens Hous., LP v. Side Constr. Co.*, 423 S.W.3d 238, 242–43 (Mo. banc 2014).

An appellate court reviews a trial court's grant of a motion to dismiss *de novo*. It will consider only the grounds raised in the motion to dismiss in reviewing the propriety of the trial court's dismissal of a petition, and, in so doing, it will not consider matters outside the pleadings.

*City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010) (internal citations and quotations omitted).

## Discussion

To prevail on a malicious prosecution claim, a party must prove six elements: (1) commencement of an earlier suit against the party; (2) instigation of that suit by the adverse party; (3) termination of the suit in the party's favor; (4) lack of probable cause for filing the suit; (5) malice by the adverse party in initiating the suit; and (6) damage sustained by the party as a result of the suit.

*Copeland v. Wicks*, 468 S.W.3d 886, 889 (Mo. banc 2015). "Missouri law does not favor suits in malicious prosecution." *Zahorsky v. Griffin, Dysart, Taylor, Penner & Lay, P.C.*, 690 S.W.2d 144, 151 (Mo.App. 1985). "As such, courts require strict compliance with the requisite elements. *Copeland*, 468 S.W.3d at 889. As to the fourth element, probable cause "consists of a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation." *Wilcox v. Gilmore*, 8 S.W.2d 961, 962 (Mo. 1928) (quoting *Boeger v. Langenberg*, 11 S.W. 223, 224 (Mo. 1889)).

At issue in this case is whether Hobbs's petition, by admitting the historical fact of the trial court's judgment in favor of Consolidated in the underlying lawsuit without any other factual allegations related to Consolidated's procurement of that judgment, failed to allege facts supporting the lack-of-probable-cause-for-filing-the-suit element of a malicious prosecution claim.

[A] judgment in favor of a plaintiff in the original action on the question of probable cause . . . is *conclusive* evidence of probable cause for bringing the action, in the absence of a showing that the judgment was procured by fraud, perjury, or other unfair means, or that the parties responsible for the prosecution of the action did not believe the testimony which induced the judgment.

3

*Laughlin v. St. Louis Union Trust Co.*, 50 S.W.2d 92, 93 (Mo. 1932) (emphasis added). "[T]he conclusiveness of the judgment on the question of probable cause is not affected by the fact that it is erroneous, or by the fact that it is reversed on appeal to a higher court, or set aside for irregularity." *Wilcox*, 8 S.W.2d at 963.

> The reason of this rule is apparent. If probable cause consists of a belief in the charge or facts alleged, based on sufficient circumstances to reasonably induce such belief in a person of ordinary prudence in the same situation, then proof of a judgment, whether based on the verdict of a jury or the finding of the trial judge, stands as undisputed evidence of the existence of probable cause, unless it be further shown that the judgment was procured by fraud, corruption, false testimony, or other improper means, or that those responsible for the prosecution did not themselves believe the facts and circumstances alleged and brought forward to induce the judgment. Nor does such a judgment cease to be evidence of the existence of probable cause merely because it is subsequently reversed on appeal.

*Id.*

In his sole point on appeal, Hobbs argues that the judgment "in the underlying court-tried case no longer exists[]" because "[t]he effect of a general and unqualified reversal of a judgment, order or decree is to nullify it completely and to leave the case standing as if no such judgment, order or decree had ever been rendered[,]" citing *Century Fire Sprinkler v. CNA Transport*, 897 S.W.3d. 408, 423 (Mo.App. 2002) and *Bryd v. Brown*, 641 S.W.2d 163 (Mo.App. 1982). Hobbs fails to explain, however, how this cited legal principle changes or modifies the decisions of our supreme court in *Wilcox* and *Laughlin*.[3]

Consolidated responds to Hobbs's reliance on *Century Fire Sprinkler* and *Bryd* by contending that "Hobbs's argument confuses the difference between the legal effect that an appellate reversal has on the proceedings in the underlying suit, and the status of the trial court's

---

[3] Consolidated first raised *Wilcox* and *Laughlin* in its memorandum in support of its motion to dismiss in the trial court below. Consolidated again relies on these cases as purported controlling authority in its brief to this court. Hobbs, nevertheless, completely ignores both *Wilcox* and *Laughlin* in his briefs filed in this appeal.

decision in the underlying suit as evidence of probable cause in the separate malicious prosecution action." We agree. Although the appellate reversal of the trial court's judgment in the underlying suit renders the legal effect of that judgment null and void, it does not negate or change the historical fact of its entry and existence. Indeed, in *Wilcox*, our supreme court relied upon the historical fact of the trial court's entry of a judgment to conclusively support probable cause, even though the underlying judgment no longer had any legal effect because it was reversed on appeal.

Hobbs admitted in his petition the historical factual existence of the judgment in favor of Consolidated in the underlying lawsuit and failed to allege any facts supporting "that the judgment was procured by fraud, perjury, or other unfair means, or that [Consolidated] did not believe the testimony which induced the judgment." *Laughlin*, 50 S.W.2d at 93. In this context and under the dictates of *Wilcox* and *Laughlin*, which are controlling upon this court and the trial court,[4] his petition fails to allege any factual basis for the lack-of-probable-cause-for-filing-the-underlying-lawsuit element of a malicious prosecution claim. The trial court, therefore, properly dismissed his petition for failure to state a claim. Hobbs's point is denied.

### Decision

The trial court's judgment dismissing the case is affirmed.

GARY W. LYNCH, P.J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – concurs

WILLIAM W. FRANCIS, JR., J. – concurs

---

[4] Article V, section 2 of the Missouri Constitution provides, in pertinent part, that "[t]he supreme court shall be the highest court in the state. . . . Its decisions shall be controlling in all other courts."