

# In the Missouri Court of Appeals
# Eastern District
## DIVISION THREE

| | | |
|---|---|---|
| MICHAEL O. SEBRIGHT | ) | No. ED108613 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Michael J. Fagras |
| SHANNON MANN, | ) | |
| | ) | |
| Respondent. | ) | FILED: August 25, 2020 |

## Introduction

Michael O. Sebright ("Sebright") appeals from the circuit court's dismissal of his claim for malicious prosecution against Shannon Mann ("Mann"). In his sole point on appeal, Sebright contends his petition adequately pleads the elements of malicious prosecution to state a cause of action. Because the petition adequately pleads malicious prosecution by alleging that Mann's prior action was filed without probable cause and with malicious intent to force Sebright to incur additional attorneys' fees in an unnecessary proceeding, the circuit court erred in dismissing Sebright's claim. Accordingly, we reverse the circuit court's dismissal and remand for further proceedings consistent with this opinion.

## Factual and Procedural History

Sebright and Mann are brother and sister. This appeal involves but one of several disputes being litigated between them. This particular case stems from a small-claims action filed pro se by Mann contesting ownership of their deceased father's camper and utility trailer.

In the matter on appeal, Sebright filed a petition in the circuit court alleging two counts against Mann: "malicious prosecution/abuse of process" and "abuse of process/fraud." Mann moved for dismissal and for a more definite statement, maintaining that both counts improperly mingled separate legal theories with distinct elements, failed to sufficiently state the elements for any of the claims, and were unclear on which claims Sebright was proceeding. The circuit court granted Mann's motion for a more definite statement and allowed Sebright to amend and refile his petition.

Subsequently, Sebright filed his first amended petition (the "Petition") in which he pleaded the following claim for malicious prosecution:

2. On June 25, 2018, [Mann] filed an action pro se against [Sebright], Shannon Mann v. Michael Sebright, 1811-SC00173 ("the lawsuit"). [Mann] lost this action, filed a trial de novo, and lost again. This lawsuit was dismissed by the Court on April 3, 2019.

3. [Mann's] lawsuit was filed for an improper purpose and with malicious intent; namely, to force [Sebright] to unnecessarily incur attorneys' fees, as retaliation for perceived slights to [Mann], and for statements made by [Sebright] that had nothing to do with the lawsuit filed by [Mann].

4. [Mann] had no reasonable expectation of winning the lawsuit, or that the cause was valid, and therefore had no probable cause in filing the suit, because

    a.    [Mann] [sic][1] did not hold a reasonable belief that the titles at issue in that case were not signed at the direction of Richard Sebright[.]

    b.    Even if she did, and the titles were voided, the items would have gone to Dorothy Sebright, Richard's wife, and not [Mann], and Dorothy Sebright could have done anything with them she pleased.

    c.    There was no cause of action [Mann] could have brought that was within the statute of limitations[.]

    d.    In order to support this claim, [Mann] made two statements of fact in an affidavit that were false in attempting to support this claim by summary judgment:

        (1). [Sebright] was the Personal Representative of the estate of Richard A. Sebright [and]

        (2). That titles were backdated[.]

---

[1] Some confusion arises from the Petition's descriptors "plaintiff" and "defendant" because Mann was the plaintiff and Sebright the defendant in the small-claims action, while Mann is the defendant and Sebright the plaintiff in this malicious-prosecution action. We have attributed names based on inferring whose actions could support a claim in light of our standard of review.

5. [Sebright] was damaged in that he had to incur attorneys' fees defending the action, and sustained the burden in time and stress of having to defend the lawsuit.

Mann moved to dismiss the Petition on the grounds that the petition failed to state a claim upon which relief can be granted, that a separate action remained pending between the same parties for a related cause, and that the malicious-prosecution claim improperly joined and conflated the elements for abuse of process.[2] Mann specifically argued that Sebright did not allege facts sufficient to establish that Mann had initiated her small-claims action with malicious intent.

In response to Mann's motion to dismiss, Sebright noted that he again would amend the Petition if needed, that he was pursuing only the sole count of malicious prosecution, and that the separate action pending between the two parties was unrelated to the present case as that action involved a trust, and that said action was on appeal. Following a hearing, the circuit court, without explanation, granted Mann's motion to dismiss the Petition.

Sebright moved to amend the circuit court's judgment and order dismissing the Petition. Mann opposed Sebright's motion and argued that Sebright's case was de minimis and failed to state facts required to adequately plead the elements for malicious prosecution, particularly that Sebright lacked probable cause for the underlying action. The circuit court held a hearing on Sebright's motion to amend, and then ruled to deny the motion. Sebright now appeals the circuit court's judgment and order dismissing the Petition.

---

[2] On appeal, both parties focus solely on whether the Petition was properly dismissed because it failed to adequately plead a cause of action.

Points on Appeal

In his sole point on appeal, Sebright argues the circuit court erred in dismissing the Petition because the Petition adequately states a cause of action for malicious prosecution by alleging each of the required elements.

Standard of Review

When the circuit court fails to specify its reasons for dismissing a petition, we presume that the circuit court's judgment is based on one of the reasons stated in the motion to dismiss. Palisades Collection, LLC v. Watson, 375 S.W.3d 857, 860 (Mo. App. W.D. 2012) (internal citation omitted). "A judgment of dismissal will be affirmed if it is supported by any ground raised in the motion to dismiss." Avery Contracting, LLC v. Niehaus, 492 S.W.3d 159, 162 (Mo. banc 2016) (citing Dujakovich v. Carnahan, 370 S.W.3d 574, 577 (Mo. banc 2012)).

We conduct de novo review of a judgment sustaining a motion to dismiss for failure to state a claim upon which relief can be granted. Hobbs v. Consol. Grain & Barge Co., 517 S.W.3d 7, 9 (Mo. App. S.D. 2016) (citing City of Lake St. Louis v. City of O'Fallon, 324 S.W.3d 756, 759 (Mo. banc 2010)).[3] "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." Id. (quoting City of Lake St. Louis, 324 S.W.3d at 759); see also Walters Bender Strohbehn & Vaughan, P.C. v. Mason, 316 S.W.3d 475, 479 (Mo. App. W.D. 2010) (internal quotation omitted) ("In ruling on a motion to dismiss, the trial court can only consider the pleadings, and appellate review is also limited to the pleadings."). We do not weigh the credibility or persuasiveness of the alleged facts. Hobbs, 517 S.W.3d at 9. Thus, in determining whether the alleged facts meet the elements of the claimed cause of action,

---

[3] We note that a circuit court's dismissal without prejudice may be treated as a final judgment where the appellant stands on his petition as filed and the dismissal has the practical effect of terminating the litigation. See Avery, 492 S.W.3d at 162 (internal citations omitted); Hobbs, 517 S.W.3d at 9 n.2 (internal citations omitted).

4

we take the petitioner's averments as true and liberally grant the petitioner all reasonable inferences. Id.

Discussion

To state a claim for malicious prosecution, a petitioner must plead the following elements:

> (1) commencement of an earlier suit against the party; (2) instigation of that suit by the adverse party; (3) termination of the suit in the party's favor; (4) lack of probable cause for filing the suit; (5) malice by the adverse party in initiating the suit; and (6) damage sustained by the party as a result of the suit.

Id. at 10 (quoting Copeland v. Wicks, 468 S.W.3d 886, 889 (Mo. banc 2015)). Here, the motion to dismiss asserted that the Petition failed to state a claim for malicious prosecution, specifically that the Petition fails to adequately plead the element of malicious intent with respect to Mann's filing of the small-claims action. See Edwards v. Gerstein, 237 S.W.3d 580, 583 (Mo. banc 2007) (finding the petitioner failed to state a claim for malicious prosecution where the petitioner failed to allege that the defendant had initiated the action with malicious intent). Thus, we are tasked with determining whether, taking the Petition's facts as true and liberally granting all reasonable inferences, the Petition adequately pleads the elements of malicious prosecution. See Hobbs, 517 S.W.3d at 9.

Regarding the first three elements of malicious prosecution, the Petition states: "[o]n June 25, 2018, [Mann] filed an action pro se against [Sebright], Shannon Mann v. Michael Sebright, 1811-SC00173 ("the lawsuit"). [Mann] lost this action, filed a trial de novo, and lost again. This lawsuit was dismissed by the Court on April 3, 2019." The Petition therefore adequately pleads that Mann initiated the earlier small-claims action against Sebright and that the action terminated in Sebright's favor. See id. at 9, 11 (affirming dismissal for failure to state a claim for malicious prosecution where the petition admitted that the earlier action terminated in the defendant's favor

5

rather than the petitioner's). Additionally, the Petition alleges the final element that Sebright suffered damages through incurred attorneys' fees in defending the small-claims action. See id. at 9.

For the element of malicious intent, the Petition pleads: "[Mann's] lawsuit was filed for an improper purpose and with malicious intent; namely, to force [Sebright] to unnecessarily incur attorneys' fees, as retaliation for perceived slights to [Mann], and for statements made by [Sebright] that had nothing to do with the lawsuit filed by [Mann]."

Rule 55.05[4] requires a pleading contain "a short and a plain statement of the facts showing that the pleader is entitled to relief[.]" Rule 55.15 specifies that unlike fraud or mistake, which must be pleaded with particularity, "[m]alice, intent, knowledge and any other condition of mind of a person may be averred generally." Thus, although malicious prosecution is disfavored by courts and requires strict proof on its elements to secure a favorable judgment, at the pleading stage the element of malicious intent need not be pleaded with particularity. See Rule 55.15; Hobbs, 517 S.W.3d at 10; Heberlie v. Harriman Oil Co., LLC, 497 S.W.3d 886, 890 (Mo. App. E.D. 2016) (internal citation omitted).

Here, the Petition specifically alleges that Mann filed the small-claims action "with malicious intent." Rule 55.15's general-averment standard for pleading malice allows a petitioner to simply allege malice on the part of defendant in instituting the action. Ray v. Dunn, 753 S.W.2d 652, 655 (Mo. App. S.D. 1988) (citing Stafford v. Muster, 582 S.W.2d 670, 676 (Mo. banc 1979); Ripley v. Bank of Skidmore, 198 S.W.2d 861, 865 (Mo. Div. 1 1947)). Mann contends the Petition's pleading of malice is mere opinion and conclusory. In so arguing, Mann disregards the averments in the Petition that Mann filed the small-claims action with the purpose

_____

[4] All Rule references are to Mo. R. Civ. P. (2019).

6

of causing Sebright to pay unnecessary additional attorneys' fees. This short and plain statement of fact permits a reasonable inference that Mann filed the small-claims action without justification and with the purpose and intent to harm Sebright. See Impey v. Hart, 471 S.W.3d 776, 779–80 (Mo. App. S.D. 2015) (finding the petitioner adequately pleaded malice for malicious prosecution by alleging the defendants "acted with malice in filing and continuing the lawsuit" followed by five subparagraphs of alleged support); Ray, 753 S.W.2d at 653, 655 (finding the petitioner adequately pleaded malice for malicious prosecution by alleging that the defendants wrongfully filed the action with malice "to compel the payment of money by [the petitioner], when defendants knew that continued proceeding[s] could not possibly result in a verdict for [defendants]"). Thus, we find that the Petition adequately pleads malice to state a claim for relief. See Hobbs, 517 S.W.3d at 9–10; Impey, 471 S.W.3d at 779–80 (internal citations omitted); Ray, 753 S.W.2d at 655 (internal citations omitted).

Mann also contends that the malice element necessarily fails if the lack-of-probable-cause element fails. See, e.g., Heberlie, 497 S.W.3d at 890–92; Joseph H. Held & Assocs., Inc. v. Wolff, 39 S.W.3d 59, 63 (Mo. App. E.D. 2001). Regarding the element of lack of probable cause, the Petition avers that Mann had no probable cause in filing the preceding small-claims action.

"Probable cause to instigate a civil suit means a reasonable belief in the facts alleged plus a reasonable belief that the claim may be valid under the applicable law." Diehl v. Fred Weber, Inc., 309 S.W.3d 309, 318 (Mo. App. E.D. 2010) (per curiam) (internal quotation omitted); see also Hobbs, 517 S.W.3d at 10 (internal citation omitted). "Because establishing the absence of probable cause requires proof of a negative, slight evidence is sufficient." Diehl, 309 S.W.3d at 319 (internal citation omitted) (holding that issues of fact regarding lack of probable cause

precluded summary judgment on claim for malicious prosecution); see also Impey v. Clithero, 553 S.W.3d 344, 353 (Mo. App. W.D. 2018) (quoting Diehl, 309 S.W.3d at 319) (revisiting the claim for malicious prosecution in Impey, 471 S.W.3d 776 on appeal from summary judgment) (noting that "[p]robable cause does not depend upon what may have ultimately proved to be the actual state of facts embraced in the previous action or proceeding"). At the pleading stage, it is generally sufficient to allege lack of probable cause as an ultimate fact. Impey, 471 S.W.3d at 779 (citing Ripley, 198 S.W.2d at 865; Ray, 753 S.W.2d at 654–55).

Here, the Petition alleges that Mann lacked probable cause in filing the small-claims action because she had no reasonable expectation that the claim was valid or that she would win. The Petition supports this claim with four factual averments: (a) that Mann did not hold a reasonable belief that the titles were not signed at the direction of the deceased; (b) that even if she did, the titled items would have been inherited by the deceased's wife, not Mann; (c) that statutes of limitations precluded any claim against Sebright; and (d) that Mann initiated the small-claims action based on false statements in Mann's affidavit regarding whether Sebright was the personal representative of the deceased's estate and whether the titles were backdated. The Petition references only the preceding small-claims action and contains no attached exhibits.

Mann maintains that the factual underpinnings of the small-claims actions support the circuit court's judgment, and that we can reasonably infer that the circuit court considered all of the files associated with the small-claims action by judicially noticing its own records. Mann's argument fails because the circuit court neither specified that it took judicial notice of the files in the small-claims action nor, critically, suggested in any manner that it considered matters outside the pleadings or converted Mann's motion to dismiss to a motion for summary judgment. See Berger v Emerson Climate Technologies, 508 S.W.3d 136, 140 ,142 (Mo. App. S.D. 2016)

8

(noting a circuit court must notify the parties that it is treating the motion to dismiss as a judgment on the pleadings or a motion for summary judgment to consider matters outside the pleadings); Hobbs, 517 S.W.3d at 9 (internal citation omitted); Walters Bender Strohbehn & Vaughan, P.C., 316 S.W.3d at 479–80; see also Underwood v. Kahala, LLC, 554 S.W.3d 485, 496 (Mo. App. S.D. 2018) (noting even when the appellate record shows the circuit court took judicial notice of its own files outside the pleadings, such notice alone does not properly put those files into the motion-to-dismiss record or convert the motion to dismiss to a summary-judgment motion).

Given the record before us, we must accept as true all pleaded statements of fact and reasonable inferences therefrom. See Hobbs, 517 S.W.3d at 9. Under this limited standard of review, we hold that the Petition sufficiently alleges the required lack of probable cause and supports the allegation with factual averments that Mann initiated the action with no reasonable expectation of its validity. See Impey, 471 S.W.3d at 779; see also Hobbs, 517 S.W.3d at 9; Ray, 753 S.W.2d at 655 (finding the petition "more than adequately" pleaded lack of probable cause by stating that the defendants had wrongly filed the action with a lack of probable cause accompanied by four paragraphs of factual allegations, including incorporation of the preceding judgment in the petitioner's favor); Bramon v. U-Haul, Inc., 945 S.W.2d 676, 684 (Mo. App. E.D. 1997) (finding the petition adequately pleaded lack of probable cause by stating that the defendants initiated the suit "primarily for a purpose other than bringing an offender to justice without reasonable grounds").

Mann contends that the Petition's lack-of-probable-cause allegations are contradicted by the preceding small-claims action. We acknowledge that in some cases, a petition's allegations that the defendant lacked probable cause to file the prior lawsuit are contradicted "by an

9

allegation in the same petition" regarding the preceding action. Ripley, 198 S.W.2d at 865.

Missouri courts recognize that a petition generally fails to state a cause of action for malicious

prosecution when the petition alleges facts about the preceding action that directly contradict

allegations that such action lacked probable cause. See, e.g., Ripley, 198 S.W.2d at 865 (internal

citation omitted) (noting a petition's acknowledgment of an indictment in the preceding action is

prima facie evidence that the preceding action did not lack probable cause); Clark v. Ruark, 529

S.W.3d 878, 883 (Mo. App. W.D. 2017) (noting that voluntary dismissal of the preceding

contempt action after the outstanding judgment was paid showed valid, non-malicious intent to

coerce compliance with the original judgment); Hobbs, 517 S.W.3d at 11 (noting a petition's

acknowledgment that the preceding action was won by the defendant rather than the petitioner

precluded allegation that the defendant lacked probable cause). We are not presented with this

scenario in this appeal. Here, the Petition averred that Mann filed a small-claims action against

him and that the action was resolved in Sebright's favor. The Petition contains no direct self-

contradictory statements as to the preceding action that reasonably could be viewed as

inconsistent with Sebright's allegation that Mann's action lacked probable cause. See Ripley,

198 S.W.2d at 865; Hobbs, 517 S.W.3d at 10. Further, we reject Mann's invitation to weigh or

judge the credibility of the alleged facts given the standard under which we review a circuit

court's grant of a motion to dismiss. See Hobbs, 517 S.W.3d at 9 (internal citation omitted); see

also Underwood, 554 S.W.3d at 496; Berger, 508 S.W.3d at 140.

Lastly, Mann suggests that the Sebright's Petition fails to state a claim for malicious

prosecution because Sebright's allegations are vague and conclusory. For instance, the Petition

does not allege *why* Mann could not have formed a reasonable belief that the deceased directed

the signing of the titles. Mann further suggests that the applicable statutes of limitations did not

necessarily preclude all possible claims by Mann. Even acknowledging Mann's counter-arguments, Missouri law is clear that if a petition contains some averments that may be viewed as contradictory, the petition still may adequately state a claim for malicious prosecution when additional facts relating to a lack of probable cause are pleaded, such as fraud, false testimony, or improper means of securing an indictment. Ripley, 198 S.W.2d at 865. Here, the record shows that the Petition alleged that Mann initiated the small-claims action based in part on false statements Mann made in her affidavit. This allegation sufficiently supports an inference that Mann lacked probable cause as to the merits of her claim when filing the small-claims action. See id.

Because the Petition adequately pleads the elements of malicious prosecution, the point on appeal is granted.

## Conclusion

The judgment of the circuit court is reversed and remanded.

_____
KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

11